WILTON D.. GREENWAY, PROSECUTOR-APPELLANT, v. BOARD OF EDUCATION OF THE CITY OF CAMDEN, DEFENDANT-RESPONDENT.

Argued May 6, 1942—Decided September 17, 1942.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PORTER.

For the prosecutor, *Meyer L. Sakin.*

For the respondent, *Gene R. Mariano* (*William J. Shepp,* of counsel).

For the Federated District Boards of Education, *amicus curiæ, Harold D. Green* (*Saul R. Alexander,* of counsel).

For the New Jersey Education Association, *amicus curiæ, Eisenberg & Spicer* (*Jerome C. Eisenberg* and *Israel Spicer,* of counsel).

The opinion of the court was delivered by

PORTER, J. The question before us in this *certiorari* proceeding is whether a board of education may suspend or repeal its salary schedule as to salary increments in the case of a teacher who has tenure.

The Commissioner of Education decided that a board of education had power to do so with which conclusion the State Board of Education concurred. Its decision is before us for review. We are in accord with that view.

The facts are not in dispute. Mr. Greenway, the prosecutor, has been employed for a number of years as a teacher by the Board of Education of Camden, respondent. He has tenure of office by reason of his length of service under the statute, *N. J. S. A.* 18:13-16. He was teaching in the senior high school and under date of January 27th, 1941, he was transferred from the high school to the junior high school. On the same date a resolution was adopted by respondent abolishing the schedule of salaries. The action was within the authority of the Board of Education, *N. J. S. A.* 18:13-5. Mr. Greenway claims to have had vested rights to these salary increments which rights were violated. The statute, *N. J. S. A.* 18:13-13, provides that a teacher who has acquired tenure status may not be reduced in salary. We think that there can be no question that there was no reduction of salary. The failure to receive an increase of salary does not constitute a reduction.

When Mr. Greenway was transferred the maximum salary for teachers in the high school was greater than for those in the junior high school. But as the schedules were abolished his salary was not reduced nor was he demoted as a matter of law. A transfer without reduction of salary and without affecting tenure rights gives no cause of action. *Cheeseman* v. *Gloucester City,* 1 *N. J. Mis. R.* 318; *Downs* v. *Board of Education of Hoboken,* 12 *Id:* 345; *affirmed,* 113 *N. J. L.* 401. Moreover, we may not say that if and when a salary schedule is re-established the two schools may not be put on an equal footing.

·We find no statutory provision requiring boards of education to adopt salary schedules or schedule of increments. We think that if such schedules are adopted that they are not irrepealable. It may be noted that the respondent in adopting its salary schedule in 1920 expressly provided for revision using these words—"This salary schedule is adopted to take effect as a rule of the Board subject to revision and modification by the Board as circumstances may require and as the appropriation made from year to year by the duly constituted legal body may necessitate." From the outset the Board thus clearly stated that its policy was to revise the schedule as may be found necessary. In pursuance with that policy it adopted a new schedule in 1925. In 1931, 1935 and 1936 the schedule was suspended for various periods. On June 18th, 1936, it was restored for the years 1937 and 1938. No increments were paid after that time. So it seems that when the resolution was adopted on January 27th, 1941, abolishing the salary schedule it was unnecessary because of the previous action in suspending same. In the absence of statutory inhibition we think that boards of education have the power to enact and to repeal salary schedules, in fact it has an express right so to do under *N. J. S. A.* 18 :13-5, *supra.* .The repeal of the salary schedules did not constitute the impairment of any contractual rights of the prosecutor. He had tenure and as we have observed his salary may not be reduced but he is subject to the rules of the Board and when it repealed the salary increments, which was its right, such action was binding

and effective. A teacher with tenure has a legislative status but not a contractual status which may not be modified. *Phelps* v. *Board of Education*, 115 *N. J. L.* 310; *affirmed*, 116 *Id.* 412, and affirmed by the United States Supreme Court in 300 *U. S.* 319.

The prosecutor chiefly relies on *Weber* v. *Board of Education of City of Trenton*, 127 *N. J. L.* 279. In that case the court held that "annual increments were integral part of the salaries, effective when the designated year of service had been attained, that having been the contract with the teachers." The Weber case is clearly distinguishable from the case at bar because the increase there had become effective as the school year had already started so that the increment bound up with the work of that year made an integral element in the whole situation, which state of fact does not obtain here.

The Board acted within its power in transferring prosecutor from the high school to the junior high school in the absence of bad faith which was claimed but was not established by the testimony. Having concluded that no rights of the respondent were violated by the Board in suspending the schedule of salaries it becomes unnecessary to pass upon the questions raised by respondents of estoppel and laches.

The judgment under review is affirmed.