THE PEOPLE *ex rel.* DONNA BROWN, Plaintiff-Appellant, *v.* THE BOARD OF EDUCATION, GALATIA COMMUNITY UNIT SCHOOL DISTRICT NO. 1, Defendant-Appellee.

Fifth District   No. 78-9

Opinion filed November 21, 1978.

Paul T. Austin, of Marion, for appellant.

Donald V. Ferrell, of Jelliffe and Ferrell, of Harrisburg, and Allen D. Schwartz, of Robbins, Schwartz, Nicholas & Filton, Ltd., of Chicago, for appellee.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

This appeal is a continuation of a dispute first before this court in *Brown v. Board of Education*, 38 Ill. App. 3d 403, 347 N.E.2d 791. Plaintiff Donna Brown had been discharged as a teacher at the Galatia High School by the defendant school board. She brought an action in the circuit court of Saline County seeking in part a judgment declaring that she was and had been a tenured teacher and that the action of the defendant school board in terminating her tenure status was illegal. The lower court entered judgment in favor of the school board. On appeal, this court reversed the judgment and remanded for further proceedings consistent with the opinion.

Pursuant to the mandate of this court, the cause was redocketed in the lower court and a petition was filed by Brown requesting the court to compel the school board to assign her to teach the same courses she had taught prior to the unlawful dismissal and to assign her to the same classroom she had previously occupied. The petition further alleged that all other aspects of her reinstatement as a tenured teacher had been satisfactorily settled between the parties.

Following a hearing on the petition, the lower court entered judgment denying the relief requested and further finding that all other issues between the parties were fully settled in satisfaction of the mandate of this court. From that portion of the judgment denying Brown an order compelling the board to assign her to teach particular courses, she now brings this appeal.

The evidence shows that prior to Brown's unlawful discharge at the close of the 1973-1974 school year, she had held the position of teaching Typing I and II, Bookkeeping, Shorthand, General Business and English I. After her discharge, this position was assigned to another qualified teacher who still retains it. Following the original appeal, Brown was reinstated as a tenured teacher and was assigned the position of teaching remedial reading for the school year beginning in 1976. During the next school year, beginning in 1977, she was assigned to teach General Business, Shorthand II, Business Law, Office Practice and English II. We have been advised in oral argument that Brown is presently assigned to

the position of teaching a sixth grade class. It is undisputed that upon reinstatement, Brown had suffered no reduction in salary or loss of other benefits as a result of these assignments.

The sole question presented for review is whether the school board was required to assign Brown to the same courses she had been teaching prior to the discharge, or could the board assign her, upon reinstatement, to teach any courses for which she was qualified. The crux of Brown's contention is that she was entitled under her status of contractual continued service, as tenure is called in the School Code (Ill. Rev. Stat. 1977, ch. 122, par. 24—11), to the same position she had held prior to the discharge. We find however, that the School Code explicitly states the contrary.

Section 24—11 of the School Code provides in part:

> "*Contractual continued service status shall not restrict the power of the board to transfer a teacher to a position which the teacher is qualified to fill* or to make such salary adjustments as it deems desirable, but unless reductions in salary are uniform or based upon some reasonable classification, any teacher whose salary is reduced shall be entitled to a notice and a hearing * * *." (Emphasis added.)

We are not here concerned with a reduction in teacher salary. As applicable to the instant case, the meaning of the provision emphasized above is self-evident. Brown's status as a tenured teacher does not restrain the power of the school board to transfer her to any position she is qualified to fill. (*Van Dyke v. Board of Education,* 115 Ill. App. 2d 10, 254 N.E.2d 76; *Lester v. Board of Education,* 87 Ill. App. 2d 269, 230 N.E.2d 893.) While Brown asserts that the Board lacked good faith in assigning her upon her reinstatement, we find such an assertion to be conjecture wholly unsupported by the evidence. Accordingly, we affirm the judgment entered by the circuit court of Saline County.

Affirmed.

JONES and KARNS, JJ., concur.