**Zoe Rene BISHOP, Plaintiff-Appellant,**

v.

**BOARD OF EDUCATION OF the FRANCIS HOWELL SCHOOL DISTRICT, ST. CHARLES, Missouri, et al., Defendants-Respondents.**

**No. 39974.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Dec. 12, 1978.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 12, 1979.

Application to Transfer Denied
Feb. 13, 1979.

Charles A. Werner, Christopher T. Hexter, Schuchat, Cook & Werner, St. Louis, for plaintiff-appellant.

Paul F. Niedner, Niedner, Moerschel, Ahlheim & Bodeux, St. Charles, for defendants-respondents.

STEPHAN, Judge.

This is an appeal from a circuit court decision which affirmed an order of the respondent Board of Education of the Francis Howell School District terminating, without a hearing, appellant's indefinite contract as a teacher with the district. We reverse that decision and remand for further proceedings as hereinafter set out.

Before her dismissal, appellant qualified as a "permanent teacher" with the district. Section 168.104(4), RSMo 1969. The dismissal was therefore cloaked with the procedural safeguards prescribed in the "Teacher-Tenure Act," §§ 168.102 to 168.-

130, and particularly § 168.116. The last cited section provides that a permanent teacher may not be discharged by the district unless furnished with a written statement of the charges against him or her, a notice of a hearing on those charges and a hearing before the board if the teacher so requests. Section 168.116–1. If the reason for the proposed dismissal is incompetency, inefficiency, or insubordination in the line of duty (one of the six grounds for termination specified in § 168.114), such notice must be preceded, by at least thirty days, by written warning "stating specifically the causes which, if not removed, may result in charges" and a conference between the teacher and superintendent "in an effort to resolve the matter." Section 168.116–2. Section 168.116–3 provides:

"Notice of a hearing upon charges, together with a copy of charges, shall be served on the permanent teacher at least twenty days prior to the date of the hearing. . . . If the teacher or his agent does not within ten days after receipt of the notice request a hearing on the charges, the board of education may, by a majority vote, order the contract of the teacher terminated. If a hearing is requested by either the teacher or the board of education, it shall take place not less than twenty nor more than thirty days after notice of a hearing has been furnished the permanent teacher."

On April 12, 1977, appellant was served with a warning letter such as that contemplated by § 168.116–2. It was signed by the district superintendent. On the following day, appellant was called to a meeting attended by the superintendent and several other of appellant's superiors, which was apparently intended to serve as the conference mandated by § 168.116–2.

On July 17, 1977, the board, over signature of its president, issued to appellant a document captioned, "NOTICE OF TERMINATION HEARING BEFORE THE SCHOOL BOARD OF FRANCIS HOWELL SCHOOL DISTRICT". The notice opened with the following:

"Formal notice is hereby given you of hearing upon charges contemplating possible termination of your teacher's contract with this School District.

Such hearing *will be had* before the School Board of this School District on August 11, 1977, at the Francis Howell Administration Office at the hour of 8:15 p. m., and will continue from day to day pursuant to adjournment from time to time as set by the School Board." (Emphasis added.)

There then followed seven charges of incompetency, inefficiency or insubordination. Because of the result reached here, we do not decide the adequacy of the "warning letter" or the sufficiency of the charges. The document contained no reference to a request for a hearing by appellant.

Appellant and counsel appeared at the designated time and place with witnesses and documents to refute the charges. Although the board was conducting a regular meeting, it refused to proceed with a hearing because appellant had failed to request such a hearing within ten days of receipt of the notice, as required by § 168.116–3. Counsel for appellant made several abortive efforts to be heard, which were rebuffed by the board. The board retired into closed session and adopted a resolution terminating the appellant's contract. A copy of the resolution was forwarded to appellant by the superintendent on August 16, 1977.

Appellant contends, inter alia, that the termination without a hearing violates her constitutional right to due process of law. The board responds that due process requirements are met in this context when an *opportunity* for a hearing is accorded to a tenured teacher and that appellant waived the opportunity to have such a hearing when she failed to request one, as provided by § 168.116. However, we need not decide this case on the basis of constitutional standards; our reading of the Teacher Tenure Act mandates the conclusion here reached. Although § 168.116 specifically provides that a hearing will be held if requested by the teacher, it also contemplates that the board may request a hearing. Subsection 3 provides in part, "If a hearing

is requested by either the teacher or the board of education, it shall take place not less than twenty nor more than thirty days after notice of a hearing has been furnished the permanent teacher." Any fair reading of the "Notice of Termination Hearing" signed by the board's president and issued on July 17, 1977, would lead to the conclusion that the board was not only requesting but directing that a hearing be held twenty-five days hence, on August 11, 1977. Under such circumstances, a "request" from the teacher for a hearing already ordered by the board would appear to any reasonable mind to be a redundancy. By its unequivocal, unconditional announcement that a "hearing will be had before the School Board of this School District on August 11, 1977" the board effectively exercised its option to request a hearing. Absent the expression of the condition of a request from appellant, the necessity for further action on the part of the appellant was obviated. While it is true that the board need not give legal advice in the notice, *State v. Goodbar*, 297 S.W.2d 525, 528 (Mo. 1957), and that appellant must be held to a knowledge of the law, it is equally true that the board cannot, with impunity, mislead. The board's refusal thereafter to accord appellant a hearing violated the Teacher Tenure Act and requires reversal and remand.[1] *Lindbergh School District v. Syrewicz*, 516 S.W.2d 507, 512 (Mo.App.1974).

Upon remand, the circuit court should enter judgment in accordance with §§ 168.-116–4 and 168.120–4 reinstating appellant's status as a permanent teacher and ordering that she receive compensation for the period of the pendency of her appeal, subject to the doctrine of mitigation, *Pollard v. Board of Education Reorganized School District No. III*, 533 S.W.2d 667, 671[7] (Mo.App. 1976), *Dameron v. Board of Education of the Lebanon School District R–3*, 549 S.W.2d 671, 677 (Mo.App.1977), as that doctrine is set forth in *Wolf v. Missouri State Training School for Boys*, 517 S.W.2d 138, 147–148 (Mo.banc 1975). See also *Stewart v. Board of Education of Ritenour Consolidated School District R–3*, 574 S.W.2d 471 (1978).

Reversed and remanded for further proceedings consistent with the foregoing.

STEWART, P. J., and REINHARD, J., concur.

---

1. Section 168.116 presents an ambiguity. After requiring service of a "notice of hearing" upon the teacher, it seems to condition the requirement for the hearing itself upon a request from the teacher or the board. What then should such a notice advise: that it is a notice of a *right* to a hearing? Would such a document fulfill the notice requirement? We do not answer these questions but merely pose them for possible clarification by the General Assembly. Our holding in this case is limited to the unambiguous terms of the notice here involved.