Wayne LEMONS, Appellant,

v.

Harold MORGAN, Ernie Mayfield, Charles Moore, Ed Garrison, Derald Henderson, D. A. Mallory, Jack Howard, Vernon Viets, Lewis Hill, Scott Nixon, and School District Number One, Dallas County, Appellees.

No. 79-2074.

United States Court of Appeals, Eighth Circuit.

Submitted June 10, 1980.

Decided Sept. 19, 1980.

George E. Kapke, Independence, Mo., for appellant.

Robert W. Freeman, Springfield, Mo., for appellees.

Before ROSS and ARNOLD, Circuit Judges, and HANSON,* Senior District Judge.

HANSON, Senior District Judge.

Appellant Wayne Lemons had as of August 1976 taught broadcast technology for eleven years in School District Number One, Dallas County, Missouri. He had also during that period been manager of radio station KBFL, owned and operated by the School District. At the beginning of the 1976–77 school year, Lemons was removed as manager of KBFL and transferred to a position as electronics teacher in the School District's vocational technical school, without, however, any diminution in pay or affect on his tenured status. In this suit against the School District and certain of its officials, Lemons seeks to contest the validity of his removal and transfer (what he calls his "demotion"). The question we must decide is whether the district court correctly held that Count I of Lemons' second amended complaint fails to state a claim upon which relief can be granted. We conclude that a claim is stated under the First and Fourteenth Amendments and 42 U.S.C. § 1983, and therefore reverse the order of the district court dismissing the complaint.[1]

The claim Count I states is straightforward enough: Lemons alleges that (1) he broadcast on KBFL "certain editorials . . . with which defendants disagreed," "voiced his objections to rules proposed by defendants for censorship and prior restraints of broadcasts on . . . KBFL," and "attended and reported on . . . KBFL contents of School Board meetings;" that (2) these activities were exercises of his constitutionally protected right of free speech; and that (3) defendants "demoted" him in retaliation for these exercises of this right. These allegations are sufficient to state a bona fide constitutional claim, under the theory that Lemons was deprived of *substantive* due process of law in violation of his rights under the First and Fourteenth Amendments. *See Mt. Healthy City Board of Education v. Doyle*, 429 U.S. 274, 283–87, 97 S.Ct. 568, 574–576, 50 L.Ed.2d 471 (1977); *Perry v. Sindermann*, 408 U.S. 593, 596–98, 92 S.Ct. 2694, 2696–2698, 33 L.Ed.2d 570 (1972); *Nathanson v. United States of America, et al.*, —— F.2d ——, No. 79–2013 (8th Cir. August 12, 1980); *Bernasconi v. Tempe Elementary School Dist. No. 3*, 548 F.2d 857 (9th Cir.), *cert. denied*, 434 U.S. 825, 98 S.Ct. 72, 54 L.Ed.2d 82 (1977). We of course express no opinion on the merits of any aspect of the claim.

There is an explanation of the district court's failure to perceive the claim stated in Count I: it lies in the inability of Lemons–and Lemons' lawyers–to separate until late in the day the gold in their complaint from the dross. Thus, besides the facts above recounted, Count I of the complaint also alleges that Lemons suffered severe damage to his reputational interest as a result of his "demotion;" and it has evidently been the assumption, up until the time of oral argument on appeal, that Lemons could not state a claim for relief under the First and Fourteenth Amendments and § 1983, on the set of facts alleged, except under the theory that he was deprived of a "liberty" or "property" interest without due process of law. That at least is the assumption on the basis of which the case was argued in the district court and in the briefs on appeal.[2] The district court simply held that the complaint does not allege the sort of facts that would permit Lemons to recover under this procedural due process theo-

---

* The Honorable William C. Hanson, Senior United States District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

1. Counts II and III of the complaint allege causes of action founded on Missouri law. Having dismissed Count I for failure to state a federal claim on which relief could be granted, the district court declined to exercise pendent jurisdiction over Counts II and III. In view of our reversal of the dismissal of Count I, the district court will have on remand to reconsider the question of the proper disposition of Counts II and III.

2. Counsel for Lemons did cite *Bernasconi, supra*, during oral argument before this Court.

ry.[3] The court was not asked to, and apparently did not, consider the alternate theory we have set forth above.

We believe, nevertheless, that Lemons must be allowed to proceed on Count I of his second amended complaint under the legal theory we have found to be adequately supported by the allegations contained therein.

In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Moreover a complaint should not be dismissed merely because a plaintiff's allegations do not support the particular legal theory he advances, for the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory.

*Bramlet v. Wilson,* 495 F.2d 714, 716 (8th Cir. 1974).

Accordingly, the order dismissing the complaint is reversed and the case is remanded for further proceedings. Each side shall bear its own costs on this appeal.

---

3. The complaint contains no allegations concerning any hearing or lack thereof prior to Lemons' "demotion." Lemons conceded in the district court (but sought to recant on appeal) that he had no "property interest" in his positions as manager of the radio station or teacher of broadcast technology. The district court rejected Lemons' "liberty interest" argument on the basis of the analysis of a similar argument in *Sullivan v. Brown,* 544 F.2d 279 (6th Cir. 1976).