**CARTER COUNTY R–1 SCHOOL DISTRICT, Plaintiff-Respondent,**

v.

**Joe Wayne PALMER, Defendant-Appellant.**

**No. 12197.**

Missouri Court of Appeals, Southern District, Division Three.

Jan. 19, 1982.

John Gianoulakis, Mark J. Bremer, Robert A. Useted, Kohn, Shands, Elbert, Gianoulakis & Giljum, St. Louis, for plaintiff-respondent.

H. Lynn Henry, Henry, Henry & Henry, P. C., West Plains, for defendant-appellant.

TITUS, Judge.

Joe Palmer had an indefinite contract as a permanent teacher with the Carter County R–1 School District. §§ 168.104(3), (4) and (6).[1] The board of education [§ 168.-104(1)] of the school district terminated

---

1. Except as otherwise noted, statute and rule references are to RSMo 1978 and Missouri   Rules of Court, V.A.M.R.

Palmer's contract for alleged violations of § 168.114–1(4). Upon appeal, the Circuit Court of Carter County affirmed the board's action and Palmer appealed to this court. This tribunal reversed and remanded the "case to the circuit court with directions to enter judgment in accordance with §§ 168.116, subd. 4, and 168.120, subd. 4, RSMo 1969, reinstating appellant to the status of a permanent teacher . . . ." *Carter County School District, R–1 v. Palmer*, 582 S.W.2d 347 (Mo.App.1979).

The school district's motion for rehearing or transfer was denied. Its application to the Supreme Court for transfer met a similar fate and it was not until September 4, 1979, that the circuit court entered judgment that Palmer "be and is hereby ordered reinstated to the status of a permanent teacher . . . ." A certified copy of the judgment was served upon the school district on or about September 20, 1979, and was not effective upon the district until that date. *Ex parte Le Mond*, 295 Mo. 586, 595, 245 S.W. 1057, 1059[2] (banc 1922); Rule 74.33. By the time service was effected, teachers' assignments had been made and the 1979–80 school year had commenced. Palmer, who was certified to teach kindergarten through the twelfth grade, had been teaching English in a junior high school for two years before his employment had been wrongfully terminated. When he was reinstated to the status of permanent teacher following service of the circuit court's judgment, Palmer was assigned to teach kindergarten for the 1979–80 term. Later, the school district assigned Palmer to teach remedial mathematics in grades four through eight in the 1980–81 school year. Thereafter on August 22, 1980, Palmer moved the circuit court to declare the school district in contempt of the order that he be "reinstated to the status of a permanent teacher." In this court, Palmer contends that pursuant to the above mentioned judgment, he was not only entitled to be reinstated "to the status of permanent teacher" but was additionally entitled to be reinstated to his former position as a teacher of English in the junior high school or the equivalent thereof. We

are not advised what position is claimed to be equivalent to teaching junior high school English. After a hearing on the motion and due proceedings, the trial court entered its order finding that the school district was not in contempt. Palmer appealed.

As already noted, the judgment of the court nisi faithfully aped the language of § 168.120–4 that Palmer "shall be restored to permanent teacher status." The same directives have been used in similar cases. E.g., *Bishop v. Bd. of Ed. of Francis Howell Sch. Dist., St. Charles*, 575 S.W.2d 827, 829 (Mo.App.1978); *Dameron v. Bd. of Ed. of Lebanon Sch. Dist. R–3*, 549 S.W.2d 671, 677 (Mo.App.1977); *Pollard v. Bd. of Ed. Reorg. Sch. Dist. No. III, Platte County*, 533 S.W.2d 667, 671 (Mo.App.1976).

To support a charge of contempt for disobedience of a judgment, decree or order, the court's pronouncement may not be expanded by implication in the contempt proceeding and must be so definite and specific as to leave no reasonable basis for doubt of its meaning. *State ex rel. Girard v. Percich*, 557 S.W.2d 25, 37[16] (Mo.App. 1977); *Gerard v. Kodner*, 468 S.W.2d 677, 681[7] (Mo.App.1971). In deciding the validity vel non of a charge of contempt for disobeying an order, judgment or decree, the general rules of construction apply. Words and clauses used in the order, judgment or decree must be construed in accordance with their natural import. *Mo. Fed. of Blind v. Nat. Fed. of Blind of Mo., Inc.*, 546 S.W.2d 182, 186[5] (Mo.App.1976). Moreover, the trial court's judgment in a contempt action will not be disturbed upon appeal unless its discretion has been grossly abused. *Clark v. Francis B. Freeman Const. Co., Inc.*, 535 S.W.2d 531, 533[1] (Mo. App.1976).

In the hearing on the contempt charge, Palmer lamented his one year's assignment to teach kindergarten and his later position to instruct on remedial mathematics because he had no prior experience, interest or desire to teach either. Of course, when he moved to have the school district declared in contempt, the kinder-

garten assignment had been completed and was hardly a viable issue. However, conspicuously absent from Palmer's presentation was any evidence that he had ever complained to anyone in authority regarding these teaching assignments. Palmer acknowledged school had commenced before his reinstatement and opined the junior high school English position had probably been filled before that time. As the trial court correctly observed at the conclusion of Palmer's presentments, no evidence had been tendered to show his assignments following reinstatement were punitive rather than administrative in nature. The school district's superintendent testified that when Palmer was reinstated no teaching position but kindergarten was open without changing prior assignments of other teachers and this had lasted but one school year before Palmer was assigned to teach remedial mathematics, apparently a new subject, to avoid displacement of other teachers. This witness asseverated the assignments given Palmer following reinstatement "had nothing to do with a punitive action whatsoever." Of course the circuit court, as trier of the facts, had leave to believe all, part or none of the testimony of any witness. *Long v. Lincoln*, 528 S.W.2d 512, 513 (Mo. App.1975).

Palmer does not complain of any reduction in salary, and properly so because there was none. As already pointed out, he wants us to expand § 168.120–4 requiring him to "be restored to permanent teacher status" to requiring the board to restore him as a junior high school English teacher or the equivalent thereof. Except through strained interpretation of the statutes and the citation of opinions which do not deal specifically with the problem here posed, Palmer names no Missouri authority in support of his urgings. He does cite non-Missouri cases which lend some credence to his argument. However, we believe the non-Missouri cases cited represent the minority view. The majority of the jurisdictions deciding the exact problem here presented hold that the tenure granted by the Teacher Tenure Act does not include the right to teach any particular class or classes nor to teach at any particular school. *E.g., People ex rel. Brown v. Board of Education, Etc.*, 66 Ill.App.3d 169, 22 Ill.Dec. 903, 383 N.E.2d 711, 713 (1978); *Netwig v. Huntington Beach Union High School Dist.*, 52 Cal. App.3d 529, 532[2], 125 Cal.Rptr. 170, 171[2] (1975); *Frank v. Arapahoe County School District No. 6*, 31 Colo.App. 479, 506 P.2d 373 (1972); *Board of Education, Tucson H. S. Dist. No. 1 v. Williams*, 1 Ariz.App. 389, 403 P.2d 324, 329[10] (1965), and cases cited; *State ex rel. State Bd. of Ed. v. Montoya*, 73 N.M. 162, 386 P.2d 252, 256[3] (1963); *Application of Munter*, 225 N.Y.S.2d 1008, 1011[3] (Sup.), aff'd 17 A.D.2d 854, 233 N.Y. S.2d 1015 (1962); *Board of Education of Bath County v. Hogge*, 239 S.W.2d 459, 462[2] (Ky.1951); *Greenway v. Board of Ed. of City of Camden*, 129 N.J.L. 46, 28 A.2d 99[2] (1942), aff'd 29 A.2d 890; *School City of Peru v. State ex rel. Youngblood*, 212 Ind. 255, 7 N.E.2d 176, 178–179[2] (1937). In the instant matter, the judgment of this court and that of the trial court simply copied the statutory language which must be construed in accordance with its unstrained and natural import. Had the Missouri Legislature intended its Teacher Tenure Act to insure restoration to any specific teaching assignment rather than simply restoration "to permanent teacher status," it would have been a facile matter for it to have so provided. As the statute demonstrates no such intention, we conclude the action of the circuit court was proper and affirm its decision.

BILLINGS, P. J., HOGAN and PREWITT, JJ., concur.