Joyce GLANVILLE, Plaintiff-Appellant,

v.

HICKORY COUNTY REORGANIZED SCHOOL DISTRICT NO. I, Oral Bigler, Ronnie Anderson, Ceceilia Boggs, Troy Johnson, William C. Button, Robert J. Dampier and Ron Wilken, Defendants-Respondents.

No. 12518.

Missouri Court of Appeals,
Southern District,
Division Two.

July 12, 1982.

Motion for Rehearing Overruled and to Transfer to Supreme Court Denied July 28, 1982.

Kerry D. Douglas, Douglas, Douglas & Lynch, P. C., Bolivar, for plaintiff-appellant.

Carl F. Sapp, Sapp, Woods & Orr, Columbia, for defendants-respondents.

PREWITT, Presiding Judge.

Plaintiff sought injunctive relief to prevent defendants from transferring her from a position as a high school counselor to that of an elementary teacher. Upon defendants' motion the trial court dismissed both counts of the petition "for failure to state a claim upon which relief may be granted."

Plaintiff's first count sought relief under the "Teacher Tenure Act", §§ 168.102–.130, RSMo 1978. It alleged that plaintiff was demoted in violation of that act because

under the school district's pay schedule the position of elementary teacher "carries" a lower salary than the salary she received as a high school counselor. Plaintiff's salary was not reduced due to the change in positions. Defendants contend that compliance with the Teacher Tenure Act was not required because the act does not cover demotions, but if it does, that plaintiff was transferred, not demoted.

Demotions are twice referred to in the act. In § 168.104(2), "Demotion" is defined as "any reduction in salary or transfer to a position carrying a lower salary, except on request of a teacher, other than any change in salary applicable to all teachers or all teachers in a classification". Section 168.-118 provides the procedure for a "termination" hearing. It states in part:

"(7) The decision of the board of education resulting in the demotion of a permanent teacher or the termination of an indefinite contract shall be by a majority vote of the members of the board of education and the decision shall be made within seven days after the transcript is furnished them. A written copy of the decision shall be furnished the teacher within three days thereafter."

Except as above stated, all other references in the act to unilateral action affecting a teacher's contract refer to "terminate" or "termination". Neither term is defined there.

■ "The primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider words used in the statute in their plain and ordinary meaning." *City of Willow Springs v. Missouri State Librarian*, 596 S.W.2d 441, 445 (Mo. banc 1980). Significance and effect should, if possible, be attributed to every word, phrase, sentence and part of a statute, and words of phrases may be stricken out only in extreme cases. *Harrison v. MFA Mutual Insurance Co.*, 607 S.W.2d 137, 144 (Mo. banc 1980). If we hold that the Teacher Tenure Act does not cover demotions as defined in the act, the effect would be to strike that language from it.

■ We think it clear, as the parties seem to acknowledge, that the act, at least pertaining to demotions, is ambiguous. Where a statute is ambiguous, it is proper to consider its history, the surrounding circumstances, and the ends to be accomplished by it. *Pippin v. City of Springfield*, 596 S.W.2d 770, 775 (Mo.App.1980). A well established rule of statutory construction is that a statute must be construed in the light of what it seeks to remedy and in light of the conditions at the time of its enactment. Id. The purpose of the Teacher Tenure Act was to obtain stability, certainty and permanence of employment on the part of those who have shown fitness for the important profession of teaching and to minimize the part that malice, political or partisan trends, or caprice might play in the employment of teachers. *Lopez v. Vance*, 509 S.W.2d 197, 202 (Mo.App.1974). It seems obvious to us that this purpose could be thwarted by demoting a teacher just as well as by refusing to rehire the teacher.

■ A demotion is a change in a teacher's indefinite contract and could be considered as the termination of it. In order to give meaning to that part of the act referring to demotions; to allow the act to accomplish its purpose; and because a demotion would change a teacher's indefinite contract and thus terminate it, we believe certain demotions are protected by the act. We now consider whether plaintiff suffered such a demotion.

Plaintiff contends that even if she receives the same salary, she is demoted because she is in a position that normally carries less salary and stature. She contends that demotions can be made in position even if the salary remains the same. As a general statement that may be true, but we must decide if she suffered a demotion as it is defined in the act. Under the definition a transfer is not a demotion unless it is "to a position carrying a lower salary". Plaintiff contends that as the position pays less under the defendant's school district's "pay schedule", she is demoted

even though she continued to receive the same salary. She asserts that a reduction in salary is not required for there to be a demotion. She says if a transfer to a position which ordinarily carries less salary is not a demotion, then there would be no reason for the definition to refer to a position carrying a lower salary because the reference to "any reduction in salary" would cover all demotions. We think references to both such possibilities may have been made not for the reason urged by plaintiff, but to make it clear that a transfer to a position which carries a lower salary, which the teacher is to receive, is a demotion and to prevent a contention that such a transfer is not a reduction in salary but a change in position.

The Teacher Tenure Act does not include the right to teach any particular class or classes or to teach in any particular school. *Carter County R–1 School District v. Palmer*, 627 S.W.2d 664, 666 (Mo.App. 1982). It appears to us that the act intends to give monetary protection but not protection as to any specific position. We do not believe that we can read into § 168.104(2) "ordinarily" or "normally" or words of like effect before "carrying a lower salary" or that there was any intention to require the procedure detailed in the act when there is a transfer but the teacher's salary is not altered. As plaintiff was to receive the same salary, she was not demoted under the act, and the trial court properly dismissed count one of her petition.

Plaintiff's second count states that she was transferred "as punishment and retribution to the Plaintiff solely as the result of her exercise of her right of free speech as guaranteed under the provisions of the First and Fourteenth Amendments to the Constitution of the United States and Article I Section 8 of the Constitution of the State of Missouri". She contends that while acting in her capacity as secretary to the Board of Directors, and not as a teacher, she told others that defendant Ron Wilken, the superintendent of defendant school district, "had received a raise while the teachers' salaries had been frozen".

She alleges that her statement was true as Wilken received an increase in his expense allowance.

A school board's right not to rehire a teacher cannot be based on grounds that are violative of a teacher's constitutional right of free speech. *Williams v. School District of Springfield R–12*, 447 S.W.2d 256, 265 (Mo.1969). The defendants, relying on *Austin v. Mehlville R–9 School District*, 564 S.W.2d 884 (Mo. banc 1978), contend that it is a proper exercise of administrative discretion for a school board to transfer a teacher who made statements which could cause future tension and disruption with administrators. *Austin* was decided after trial. We do not have that benefit and must take the allegations of the petition as true.

The statements made by plaintiff were not as personal as those in *Austin*. Her statements could be construed as being more critical of the board, who would be granting the increase, than of the superintendent for accepting it. Plaintiff's comments were not so without basis that they were necessarily made in bad faith. A raise in expenses may in effect be a raise and may even be more desirable because there might be no taxes paid on it. Also, we cannot say that such a statement would necessarily create tension and disruption or that if such exists that the transfer would make it less so. We do not know that an elementary teacher would have less contact with the superintendent than a high school counselor. We cannot hold as a matter of law that the transfer was proper for the reasons stated in *Austin*.

If a school district cannot fire a teacher for exercising her right of free speech, then we think it follows that it could not transfer her "as punishment and retribution" for exercising that right. See *Lemons v. Morgan*, 629 F.2d 1389 (8th Cir. 1980); *Bernasconi v. Tempe Elementary School District No. 3*, 548 F.2d 857 (9th Cir. 1977), cert. denied, 434 U.S. 825, 98 S.Ct. 72, 54 L.Ed.2d 82 (1977). We hold that count two of plaintiff's petition stated a claim for which relief can be granted.

The dismissal of count one of plaintiff's petition is affirmed; the dismissal of count two of plaintiff's petition is reversed, and the cause remanded to the trial court for further proceedings.

GREENE, J., concurs.

MAUS, C. J., concurs in result.

BILLINGS, J., disqualified.