**Julann Stickney McLAUGHLIN, Plaintiff-Appellant,**

v.

**BOARD OF EDUCATION, Paris R–II School District, Defendant-Respondent.**

No. 46201.

Missouri Court of Appeals, Eastern District, Division Two.

Aug. 2, 1983.

Motion For Rehearing and/or Transfer to Supreme Court Denied Oct. 4, 1983.

Application to Transfer Denied Nov. 22, 1983.

Ronald E. Smull, Brandecker & Smull, Columbia, for plaintiff-appellant.

Darold E. Crotzer, Jr., Michael E. Gans, Steinberg & Crotzer, Clayton, for defendant-respondent.

GAERTNER, Judge.

This is an appeal from a judgment of the Circuit Court of Monroe County affirming the decision of the Board of Education of Paris R–II School District (respondent) to terminate the contract of permanent teacher Julann Stickney McLaughlin (appellant).

Appellant graduated from college in 1969 with a life teaching certificate in the areas of physical education, social studies and health. During her entire teaching career she has been employed by the respondent Board of Education, attaining permanent teacher status after the first five years, pursuant to § 168.104(4), RSMo 1978. Prior to this controversy appellant had taught both physical education and health, but had never taught social studies.

Financial pressures of declining enrollment caused the respondent board to approve on March 10, 1981 a school administration plan not to rehire a probationary teacher of social studies for the following school year. When this plan became public on March 13, 1981 appellant telephoned the Missouri Department of Education and inquired about the possibility of voluntarily withdrawing her certification in social studies. On March 16 she sent a written request to the Department of Education for that purpose. The school principal informed appellant on March 18 that she would be assigned to teach three social studies courses the following year. Appellant responded that she did not feel qualified to teach social studies, and that she had withdrawn her social studies certification. At no time prior to her voluntary withdrawal of certification did appellant discuss with the administration or the Board her feelings of being unqualified to teach social studies or her intention to withdraw her certification. Although appellant delivered the modified certificate to the superintendent on April 2, she did not communicate further with the administration about the social studies assignment until three weeks before the start of the fall school term. A round of meetings in August with the administration and board did not change appellant's teaching assignment, despite her claims of being unqualified and uncertified.

For 39 consecutive school days appellant failed to attend or teach her assigned class in sociology, although she taught all her other assigned courses, including career education, which was technically a social studies course. The school district gave appellant statutory warning and opportunity to comply with the assignment before taking action pursuant to §§ 168.116–168.118, RSMo 1978 to terminate her contract. After a hearing the board voted for termination on the grounds of insubordination and excessive absence. § 168.114.1(4) & (5), RSMo 1978. The Monroe County Circuit Court affirmed the Board's findings and order.

■ Appellant contests the finding of the school board that her assignment to teach social studies after she was decertified by the State in that field of study was not contrary to law. We disagree with this contention.

Section 168.011, RSMo 1978 provides:

"Teachers—License Required.—No person shall be employed to teach in any position in a public school until he has received a valid certificate of license entitling him to teach in that position."

Appellant's contention would require substitution of the phrase "field of study" for the word "position" as used in the statute. Neither precedent nor practice indicates such a narrow interpretation of this statutory language. The former principal of the high school where appellant taught testified that at least one teacher at the school was teaching a subject not listed on his teacher's certificate. The State Board of Education was aware of this fact. As was customary in such cases, the School Supervision and Classification Division of the State Board issued an advisement or "gig." This is the division which is concerned with the rating or accreditation of school districts. The purpose of the advisement is that excessive numbers of teachers assigned to teach in fields of study in which they do not have the requisite educational background may affect a district's rating or accreditation level. However, the recognition by the State Board of the practice of making such assignments clearly indicates that the absence of a particular field of study from a teacher's certificate does not invalidate a contract to teach that subject.

Appellant relies on *Harrisburg R–VIII School District v. O'Brian,* 540 S.W.2d 945 (Mo.App.1976), as authority for equating specific subject certification with the statutory requirement of certificate of license. In *Harrisburg* the school district, in order to obtain a better accreditation rating, requested the State Board of Education to add a high school course to a teacher's certification. This was accomplished without the teacher's knowledge or consent. Her refusal to teach the course resulted in her termination. On appeal, she contended that she had been deprived of her "liberty," her academic freedom of choice about the courses she would teach, without due process. In rejecting this argument, the court noted the practice of the State Board to withdraw temporary certifications upon the request of the teacher. Since the teacher

had not requested such a withdrawal, but had taken "matters into her own hands and defied the District's administrative decision," she was held to have failed to avail herself of the procedural vehicle which would have afforded her due process. In holding that the availability of a remedy satisfied due process, the *Harrisburg* court in no way implied that a school district is legally prohibited from assigning teachers to teach courses not listed upon their certificate of license.

The narrow construction of the word "position" urged by appellant here was rejected in *Carter County R–I School District v. Palmer,* 627 S.W.2d 664 (Mo.App.1982). There, judicial review of a permanent teacher's dismissal resulted in an order that he be restored to "the status of a permanent teacher." This was done but he was assigned to teach kindergarten. The court rejected his argument that he was entitled to be restored to his former "position" of teacher of English in a junior high school. "Had the Missouri Legislature intended its Teacher Tenure Act to insure restoration to any specific teaching assignment rather than simply restoration 'to permanent teacher status,' it would have been a facile matter for it to have so provided." *Carter County R–I School District v. Palmer,* 627 S.W.2d at 666. So too in this case, had the Legislature intended certification in a particular field of study to be a requisite to assignment to teach that subject, it would have been a simple matter for it to have so provided. As in *Palmer,* we hold the term "position" as used in § 168.011 refers to permanent or probationary status, positions referred to throughout Chapter 168, Personnel—Teachers and Others, rather than to assignments to teach particular subjects, a matter not mentioned in the statutes.

Appellant also takes issue with other findings of the School Board regarding the effect of her unilateral withdrawal of social studies from her certification. She complains that the Board erred in finding that she was "estopped from denying that she is validly certified" and the further finding

**252**

that the school district had a right to rely upon the certificate as it existed from 1970 until she was assigned to teach social studies. In view of our holding regarding the effect of listing academic qualifications upon the certificate of licensing, the finding of the School Board in this regard is not particularly relevant. However, we do note that when appellant was first hired as a probationary teacher and when she reached permanent teacher status, she held herself forth as academically qualified to teach social studies. Under the construction of § 168.011 urged by appellant, her unilateral action without the consent of or consultation with her employers, would be tantamount to a unilateral modification of her contractual obligations. Certainly her refusal to teach the course to which she was assigned constituted a breach of contract as well as insubordination, which is a ground for termination under § 168.114, RSMo 1978.

■ Finally, appellant contends the School Board's conclusions were unreasonable in view of her lack of experience in teaching social studies and the Board's refusal to switch assignments with other teachers. "School authorities are vested with wide discretion in all matters affecting school management and a court may not ordinarily interfere unless the power is exercised in an arbitrary, unreasonable or unlawful manner." *Saunders v. Reorganized School District No. 2 of Osage County*, 520 S.W.2d 29, 35 (Mo.1975). We find no reason to interfere with the exercise of that discretion here. Faced with budgetary constraints necessitating a reduction in teaching personnel, the school district looked for permanent status teachers to replace probationary teachers. The one found most suitable by reason of academic background and ability displayed throughout her tenure with the District was appellant. In addition, an important consideration was that the size of her classes and the scheduling of her other courses caused her to be more available for the assignment than other teachers. The only arbitrary or unreasonable action reflected by the record in this case was that of appellant in adamantly refusing to teach her assigned class in sociology while teaching another course, career education, which was also a social studies course. There is no authority tending to justify the action of a teacher in rejecting in whole or in part the curriculum and calendar established by the school administration. *Saunders v. Reorganized School District*, 520 S.W.2d at 35.

Review of the record shows scrupulous attention to the procedural requirements of termination proceedings as set forth in §§ 168.116 and 168.118, RSMo 1978. Indeed, appellant does not contend otherwise.

The judgment is affirmed.

SNYDER, P.J., and DOWD, C.J., concur.