Dear Representative Cox:
This is in response to your request for an opinion as follows:
 On H.B. 175, the landlord-tenant bill from last year, I would like to request your opinion as to whether [it] applies to commercial as well as residential property.
It is our understanding that your opinion does not concern the entirety of House Bill 175 (82nd General Assembly, First Regular Session) but only Section 1 of House Bill 175 (now found at Section 535.300, RSMo Supp. 1983). Therefore, this opinion will be limited to Section 535.300 and should not be interpreted as applicable to any section other than Section 535.300.
Section 535.300 provides that a landlord may not demand or receive a security deposit from any tenant in excess of two months' rent. In addition, the section provides that the landlord must return the full amount of the security deposit within thirty days after the termination of the tenancy or furnish the tenant a written, itemized statement of damages for which the security deposit or any part of the security deposit is withheld from the tenant. The legislature has also provided that the landlord may withhold from the security deposit only amounts that are reasonably necessary to (1) remedy a tenant's default in the payment of rent, (2) restore the "dwelling unit" to its condition at the beginning of the tenancy, with an exception for ordinary wear and tear, or (3) compensate the landlord for his damage when a tenant fails to provide adequate notice of his intent to terminate the tenancy.
Section 535.300.7 defines a security deposit as follows:
 [A]ny deposit of money or property, however denominated, which is furnished by a tenant to a landlord to secure the performance of any part of the rental agreement, including damages to the dwelling unit. This term does not include any money or property denominated as a deposit for a pet on the premises. [Emphasis added.]
In rendering this opinion, it is our mission to interpret the intent of the General Assembly. City of Willow Springs v.Missouri State Library, 596 S.W.2d 441 (Mo. banc 1980). Where a statute is ambiguous, it is proper to consider its history, the surrounding circumstances, and the ends to be accomplished by the legislation. Glanville v. Hickory County Reorganized SchoolDistrict No. 1, 637 S.W.2d 328 (Mo.App. 1982). We are to assign the words used by the General Assembly in the statute their plain and ordinary meaning. Springfield Park Central Hospital v.Director of Revenue, 643 S.W.2d 599 (Mo. banc 1983).
We find no express exception in Section 535.300 for commercial property.[1] However, the language employed by the General Assembly refers to "the dwelling unit" four separate times. Sections 535.300.3(2), 535.300.4, and 535.300.7. The statutory language makes no reference to any type of rental property other than "the dwelling unit".
Our review of Section 535.300 leads us to the conclusion that the mischief which the General Assembly wished to remedy in its passage of the law is the ability of residential landlords to require excessive security deposits from tenants. Because non-residential tenants have greater freedom of choice in obtaining a leasehold for the transaction of their business, we believe the General Assembly did not intend to include non-dwelling unit property within the purview of Section 535.300. The repeated reference to "the dwelling unit" throughout the statute without reference to any other form of rental property, is, in our view, an indication of the General Assembly's intent to limit the applicability of Section 535.300 to residential rental property.
CONCLUSION
Therefore, it is the opinion of this office that the provisions of House Bill 175 (82nd General Assembly, First Regular Session), Section 535.300, RSMo Supp. 1983, are not applicable to non-dwelling unit rental property.
Very truly yours,
 JOHN ASHCROFT Attorney General
[1] Section 441.500, RSMo 1978, defines a dwelling unit as follows:
 "Dwelling Unit", every premise or part thereof occupied, used or held out for use and occupancy as a place of abode for human beings; . . .
While we are not bound by the Section 441.500 definition, we believe that this definition of dwelling unit is consistent with that intended by the General Assembly in Section 535.300 and adopt it for purposes of this opinion. Thus, despite your question's dichotomy between commercial and residential property, we choose in this opinion to accept a different distinction. Hence, we shall refer to property as being either dwelling or non-dwelling property.