**F.L. STEPPELMAN and Jerry Steppelman, d/b/a Lake Acres Mobile Park, Respondents,**

v.

**STATE HIGHWAY COMMISSION OF MISSOURI, Appellant.**

No. WD 33677.

Missouri Court of Appeals, Western District.

April 12, 1983.

Bruce A. Ring, Chief Counsel, Dennis J. Redel, Curtis F. Thompson, Asst. Counsel, Mo. Highway and Transp. Com'n (successor to State Highway Com'n of Mo.), Jefferson City, for appellant.

Michael P. Riley, Jefferson City, for respondent; Carson, Monaco, Coil, Riley & McMullin, Jefferson City, of counsel.

Before PRITCHARD, P.J., and MANFORD and NUGENT, JJ.

PRITCHARD, Presiding Judge.

Plaintiffs filed their petition for administrative review of a determination by the State Highway Commission that they were not entitled to relocation payments under 42 U.S.C.A. § 4622, after the Commission took a portion of their property (by deed) for the construction of U.S. Highway 54 north of Jefferson City. It was stipulated that if plaintiffs were entitled to recover, it would be for $4,795.26, and the trial court entered judgment for that amount.

For the deed, which covered five acres of plaintiffs' Mobile Park, including 18 or 19 trailer pads and a greater part of sewage lagoons which serviced the park, the Commission paid them $60,000, of which, according to its testimony, $38,000 was for the cost of a replacement sewage treatment plant.

The Commission first contends that plaintiffs were not "displaced persons" within the relocation acts because they were not forced to terminate their business at the mobile park location, but could operate it as such. Plaintiffs' evidence on this issue is that there were 72 trailer lots on the original site, and approximately 19 were eliminated by the Commission's taking, which also involved a sizeable portion of the sewage lagoons used by the mobile park. The installation of an alternative sewage plant would further require the removal of several more trailer pads, the operation of the plant would be costly, and its installation would make it impossible to break even financially. Several tenants moved out after receiving letters from the Commission stating that it would help them relocate if because of its acquisition of the sewer lagoons the sites became uninhabitable if the owner elected not to replace the sewer system. The Commission produced no evidence to rebut plaintiffs' evidence of the economic infeasibility of continuing the operation of the mobile park at that location. What was said in the relocation case of *Smith v. Missouri State Highway Commission*, 488 S.W.2d 230, 239[9] (Mo.App.1972), is pertinent: "There is nothing stated nor implicit in the Highway Relocation Assistance Act that requires a displaced person to accept relocation under conditions which would make it economically unsound, to move from the area of his source of business, nor operate under physical conditions which impede or prevent efficient operation. These matters are obviously within the knowledge of the person operating the business rather than the relocater who attempts to assist but is necessarily without qualified knowledge. The ultimate decision must be that of the person dislocated." Compare *Beaird-Poulan Division of Emerson Electric Co. v. Department of Highways*, 441 F.Supp. 866 (W.D.La.1977), aff'd 616 F.2d 255 (5th Cir.1980), cert. denied 449 U.S. 1104, 101 S.Ct. 903, 66 L.Ed.2d 832 where property taken had no improvements but the taking of the land caused the company to be without room for future expansion. The court said, p. 872[4], "The Act does not require that assistance be given to every person who loses a portion of his land to a federally assisted project. Reimbursement of expenses is due only when it can be shown that the owner moved as a result of the partial acquisition", and held that Beird-Poulan was a "displaced person" under the Act. Here, all that the Commission proved was that a sewage treatment plant could be built to replace the sewage lagoons that were taken. Its further contention that plaintiffs were paid ($38,000) for the expense of building a new sewage plant, and thus were fully reimbursed, is without merit because upon relocation another plant would have to be installed at the new location. That payment was merely, in part, for which had been taken. Under the

*Smith* case, supra, there was not sufficient competent and substantial evidence to support the Commission's determination that plaintiffs were not entitled to relocation expenses. Point I is overruled.

■ The Commission's second point is that plaintiffs do not qualify for relocation expenses because they own a commercial enterprise, not being acquired, where they could have relocated their business without substantial loss of their existing patronage. The evidence is that plaintiffs operate Lake Acres Mobile Park as a partnership. The argument is that plaintiffs, along with their wives, owned and operated another mobile home park known as Winterwood Estates, Inc., on 149 acres of land, of which less than 40 acres is occupied, on which plaintiffs could have relocated their mobile home park. It is clear that plaintiffs operated Lake Acres Mobile Park as a partnership, and that Winterwood Estates, Inc., is a corporation in which the Steppelman wives are shareholders. There was no evidence that the corporate property would have been available to the partnership for relocation purposes. Clear, also, as the Commission concedes, is the law that a corporation is deemed to be a separate entity from its shareholders, here the individual members of the Steppelman families. See *Blackwell Printing Co. v. Black-Wielandy Co.,* 440 S.W.2d 433, 437 (Mo.1969), where it was contended that two closely held corporations were the alter egos of each other, the court saying, "Something more than majority stock control is required. There must be such domination and control 'that the controlled corporation has, so to speak, no separate mind, will or existence of its own and is but a business conduit for its principal.'" But even if there had been evidence that the partnership dominated and controlled the corporation, plaintiffs would not be thereby disqualified from receiving relocation payments under 42 U.S.C.A. § 4622(c)(2). See 3 U.S.Code Cong. & Adm. News 5856–57 (1970), which states: "A person who is displaced from his place of business or farm may, *whether he discontinues or reestablishes operations,* elect to receive a fixed relocation payment equal to the average annual net earnings of the business or farm operation, except such payment shall not be less than $2,500 nor more than $10,000." [Italics added.] There was no showing that the two entities here were a part of one commercial enterprise engaged in the business of offering mobile home lots for lease within the meaning of 42 U.S.C.A. § 4622(c)(2). Although the corporation was formed after notification by the Commission of a proposed taking of a portion of the Lake Acres property, there was no evidence or finding that it was done to circumvent the statute. The Commission's contention in this regard is denied.

■ The Commission lastly contends that the trial court erred in awarding interest on the judgment. Although the Commission is correct in its statement that interest is not generally awarded against a state absent statutory authority therefor, see 24 A.L.R.2d 974, that statement is not entirely applicable. In *Denton Construction Company v. Missouri State Highway Commission,* 454 S.W.2d 44 (Mo.1970); and *Bernard McMenamy Contractors, Inc. v. Missouri State Highway Commission,* 582 S.W.2d 305 (Mo.App.1979), both actions founded upon contract, in which the demands were made and were liquidated, the court allowed interest under the general statute, § 408.020 (now RSMo 1979 Supp.). In this case, however, the demand for relocation expenses was unliquidated, and the damages could not be ascertained until trial. Plaintiffs were not entitled, therefore, to any prejudgment interest. The trial court erred in awarding interest from the time of the filing of the petition for administrative review, August 24, 1976. Plaintiffs are, however, entitled to interest from the date of entry of the judgment, February 11, 1982, under § 408.040, RSMo (1979 Supp.) until its satisfaction.

That part of the judgment awarding relocation expenses is affirmed. That part of the judgment awarding interest from August 24, 1976, is reversed.

All concur.