Dolores HILTON, Appellant,

v.

George HILTON, Respondent.

No. 47537.

Missouri Court of Appeals,
Eastern District,
Division Six.

Sept. 11, 1984.

Gael D. Wood, Washington, for appellant.

Frederick H. Schwetye, Union, for respondent.

CLEMENS, Senior Judge.

Plaintiff-appellant wife appeals from the monetary and property provisions of the trial court's dissolution decree as being favorable to defendant-respondent husband.

The parties' marital history is pertinent. Both were in their fifties and previously married to others. Soon after those marriages were dissolved, the wife getting $150,000 in settlement, the parties began co-habiting and a year or so later married each other. They abandoned this marriage the following year and the wife filed and husband cross-filed for dissolution.

Evidence showed the wife was tempermental and until husband was laid off she had accepted his $28,000 of salary checks. He thereafter contributed labor to improving wife's real property. Her reputation for truthfulness was not good, nor was her financial record keeping accurate.

The court ruled neither party had requested findings of fact or conclusions of law. Upon submission the court asked husband's counsel to prepare a decree denying maintenance and counsel fees, taxing costs against wife and distributing personalty to husband as per his requests.

The court ordered property distributed to the wife: Her 14-acre resort property, her bank stock and savings of $69,500, a van and two mobile homes, inventory in the parties' small used supply business, jewelry valued at $10,000, a 1978 automobile, all this subject to her paying a $17,000 joint bank loan and her own medical bills.

As husband had requested, the court ordered distributed to him: His pre-marriage owned resort subdivision lot, a pick-up truck, a farm tractor, and specified tools and household fixtures.

Here, the wife levels four charges against the decreed property division.

 In her point I she claims error in ordering her to pay a $17,000 bank note originally made by husband before marriage. However, this note was secured by wife's collateral, and was later co-signed by her. So, the note was her joint debt. The trial court did not err in holding wife liable on the note.

■ By her point II wife contends the court erred in ordering her "to pay all marital debts." The trial court had ordered her to pay the aforesaid joint bank note and also her own $12,100 of medical bills incurred by her immediately before separation. In point I we previously ruled on wife's liability on the joint bank note. As to the medical bills wife makes no specific argument. In view of her superior financial condition and the lack of specific need being shown for this end-of-marriage hospitalization, we cannot say the trial court abused its discretion in not finding the medical bills were chargeable to husband.

■ By her point III the wife argues for the first time here that the court erred by failing to specify separate property awarded each party. As we held in *Walker v. Walker,* 631 S.W.2d 68[10–11] (Mo.App. 1982):

"The trial court is not required to give a detailed finding of fact unless a party requests one. When there is no detailed finding of fact, the facts are assumed to be found in a manner consistent with the judgment. Rule 73.01."

See also *Dardick v. Dardick,* 670 S.W.2d 865[1–3] (Mo. banc 1984). Point denied.

■ By her last point, wife contends the trial court failed to specifically award the parties' freezer and the husband's pension plan. The court's decree mentioned neither. By failing to determine and make

the proper award of this property, the court failed to exhaust its jurisdiction and, thus, failed to render a final judgment. See, e.g., *Busch v. Busch,* 618 S.W.2d 244, 245 (Mo.App.1981); *Nilges v. Nilges,* 564 S.W.2d 262 (Mo.App.1978).

We, therefore, dismiss this appeal and remand this case for further proceedings consistent with this opinion.

SATZ, P.J., and SMITH, J., concur.