## In re the MARRIAGE OF Marjorie D'AQUILA, Petitioner-Appellant,

### and

## Daniel D'Aquila, Respondent.

### No. 13517.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 9, 1984.

Kenneth W. Johnson, Karenanne Miller, Johnson, Sweeney & Miller, Springfield, for petitioner-appellant.

Robert S. Wiley, Crane, for respondent.

GREENE, Judge.

Marjorie D'Aquila appeals from those portions of a decree dissolving her marriage to Daniel D'Aquila that dealt with the division of their marital property and the denial of maintenance to her. Her basic points relied on are that the judgment of the trial court on those issues was against the weight of the evidence.

■ Although the issue was not raised by the parties, it is our duty to determine, sua sponte, whether there is a final judgment in this case, since if there is no final judgment, we have no jurisdiction. *Nimmo v. Nimmo,* 616 S.W.2d 131, 133 (Mo. App.1981).

■ In her dissolution petition, Marjorie asserted that the marital property included Daniel's vested interest in a police department retirement program earned from Daniel's service as Chief of Police in Downers Grove, Illinois, prior to his retirement in 1974. Testimony concerning the retirement benefits was adduced at trial, but the trial court in its findings and judgment failed to value or divide the retirement benefits as marital property, as it should have done. Retirement benefits which are, as here, accumulated during a marriage are marital property, and subject to division. *Kuchta v. Kuchta,* 636 S.W.2d 663, 666 (Mo. banc 1982).

■ Since the trial court did not classify the retirement benefits as marital property, and consider them as such in its division of such property, it has not exhausted its jurisdiction and has not rendered a final judgment. *Hilton v. Hilton,* 676 S.W.2d 918 at 919 (Mo.App.1984).

Appeal dismissed and cause remanded for proceedings consistent with this opinion.

TITUS, P.J., and FLANIGAN, J., concur.