**Don VILELLE, Plaintiff-Appellant,**

v.

**REORGANIZED SCHOOL DISTRICT NO. R–1, BENTON COUNTY, Defendant-Respondent.**

**No. WD 35619.**

Missouri Court of Appeals, Western District.

Feb. 5, 1985.

Rehearing Denied April 2, 1985.

John W. Inglish (argued), James W. Riner, Jefferson City, for plaintiff-appellant.

William F. Brown, Sedalia, for defendant-respondent.

Before LOWENSTEIN, P.J., and SOMERVILLE and NUGENT, JJ.

NUGENT, Judge.

Plaintiff is a certified, permanent-status teacher whose salary has been frozen by the defendant school district since the 1980–81 school year. The case was tried to the court which found that the plaintiff has not been demoted by defendant. We reverse and enter judgment for plaintiff.

Plaintiff is a tenured, certified social studies teacher who has been employed by the defendant school district since 1972 and has completed eight hours of graduate work towards his master's degree. Until the 1981–82 school year, the defendant district paid plaintiff the same salary it paid other tenured teachers of similar experience and education.

Before the start of the 1981–82 school year, the defendant offered to rehire plaintiff, but only at his 1980–81 salary. All other permanent status teachers were given pay increases in accordance with the 1981–82 salary schedule adopted by the school board. In the following years, the board continued to rehire the plaintiff, but he was paid only the amount he received for the 1980–81 school year. Mr. Vilelle has continued to teach the same grades and subjects during the period of this dispute. All other tenured teachers received pay increases as provided in each of the applicable school year salary schedules. Plaintiff has not signed a contract since the 1979–80 school year. The record does not indicate that he has agreed to accept a salary lower than that paid other teachers of equal experience and degree of education. The record also shows that plaintiff was never given any of the procedural rights afforded under the Teacher Tenure Act, §§ 168.112 to 168.118 [1] to a tenured teacher being demoted or terminated.

The salaries for tenured teachers in the defendant district, except for Mr. Vilelle since 1981, are set forth in a salary schedule which is adopted by a majority vote of the school board. A teacher's compensation is determined by the number of years of teaching experience plus the teacher's hours of graduate education or graduate degree. Until the 1982–83 school year, these schedules were entitled "salary schedules." Starting with the 1982–83 school year, the school board added a disclaimer to the schedules stating that they were only guidelines that did not restrict the board's discretion in setting salaries.

The record shows that before plaintiff gained tenure complaints were made and questions raised by parents and school administrators about some of his teaching methods and his general competence. The plaintiff was informed of those problems, and the evaluations of his teaching by his principal reflect that his performance improved. Testimony of the president of the school board shows that the board remained unhappy with the plaintiff's performance and that the board did not raise the plaintiff's salary in order to express its

---

1. All sectional references are to Revised Statutes of Missouri, 1978.

discontent with his performance. He further testified that the board "hoped" that its action would lead Mr. Vilelle to seek other employment. That is the only explanation found in the record for the board's failure to give Mr. Vilelle the salary increases given other tenured teachers. The board president further testified that the board believed that it did not have the requisite statutory grounds to terminate Mr. Vilelle's contract.

In Count I of his petition plaintiff prays for a declaratory judgment that he is a certified teacher with an indefinite contract and is a permanent teacher as defined in § 168.104, that his contract may be modified only in accordance with § 168.110, and that his salary is that set out in the salary schedules adopted by the school district for each of the three years involved.

In Count II he prays for an order directing the defendant to pay him according to the applicable salary schedule and for the amount of back pay that he has not received since his salary was frozen plus interest. The case was tried to the court which rendered judgment in favor of defendant. In its findings of fact and conclusions of law the court apparently found that the salary schedules were only nonbinding guidelines for use in setting a teacher's salary. The court also concluded that, since Mr. Vilelle's salary was never decreased but merely was not increased, he was not demoted within the meaning of the Teacher Tenure Act. § 168.104(4). The trial court relied upon *Le Galley v. Bronson Community Schools*, 127 Mich.App. 482, 339 N.W.2d 223 (1983), in finding that plaintiff had not been constructively demoted in violation of the spirit of the act because the clear language of the act precluded such a finding.

This case was tried to the court, and the scope of our review is set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.1976) (en banc). We find that the trial court erred in its construction of the applicable statutes and misapplied the law.

Plaintiff raises two points on appeal. First, that the trial court erred in concluding that the defendant did not adopt salary schedules applicable to all tenured teachers for the school years 1981–82, 1982–83 and 1983–84. Secondly, the court erred in finding that, since plaintiff's salary was never reduced from its 1980–81 level, he was not demoted as that term is used in the Teacher Tenure Act.

The trial court in its findings of fact and conclusions of law states that the schedules in question here were merely suggestions or guidelines presented by the superintendent of schools to the school board that the board in its discretion could choose to follow or not. The minutes of the school board meetings for the years 1981–84 at which teachers' salaries were considered show that in each of the years in question the schedules were presented to and adopted by the board. The school board has a legislative duty to fix the amount of annual teacher compensation for the following school year by passing a salary schedule applicable to all teachers. *Parkway School Dist. v. Provaznik*, 617 S.W.2d 489, 491 (Mo.App.1981). In this case, in compliance with the statute, the board adopted salary schedules applicable to all teachers. No matter what the defendant tried to call its schedules or what disclaimers it added, they were salary schedules under § 168.110.

The board of directors of a school district has broad powers in the management of the district, including the setting of teachers' salaries, but those powers are subject to all applicable statutory requirements. *Id.* The plaintiff in this case is a tenured teacher, and the terms of his employment are in part governed by the Teacher Tenure Act, § 168.102 to § 168.130. A tenured teacher has an indefinite contract with his district which may be modified as provided in § 168.110 and § 168.112, or terminated as provided in § 168.114 to § 168.118. The act has been construed to apply to certain demotions even though that is not specifically provided for in the act. *Glanville v. Hickory County Reorganized School Dist. No. 1*, 637 S.W.2d 328, 330 (Mo.App.1982). The

act applies to demotions that result in a reduction in salary. *Id.* The question before us, therefore, is whether the board's action in not raising plaintiff's salary when all other teachers received a raise was a demotion of plaintiff. If it was a demotion, the board's action was in violation of the act since the plaintiff was not afforded any of the rights provided for in the statutes. § 168.114 to § 168.118.

When the plaintiff's salary was not raised in accordance with the applicable salary schedule for that school year, he suffered a de facto demotion. The act requires that tenured teachers be paid according to a salary schedule applicable to all teachers. § 168.110; *School District of Kansas City v. Clymer,* 554 S.W.2d 483, 486 (Mo.App.1977). A demotion occurs when the teacher suffers a reduction in salary. *Glanville v. Hickory County Reorganized School Dist. No. 1, supra.* Obviously, where a board lowers a teacher's salary relative to all other teachers' salaries, a demotion occurs, but the same effect is achieved where the salaries of all but one teacher are raised. Whether his salary is lowered or is not raised when all other similarly classified teachers receive an increase, that teacher suffers a loss in salary. The purpose of the act is contravened in either case. In *Lopez v. Vance,* 509 S.W.2d 197, 202 (Mo.App.1974), the court explained that:

> We believe the purpose of our statute, as well as teacher tenure acts, was to attain stability, certainty and permanence of employment on the part of those who have shown by educational attainment and by a probationary period their fitness for the important profession of teaching. "The history behind the act justifies the view that the vicissitudes to which teachers had in the past been subjected were to be done away with or at least minimized. It was enacted for the benefit and advantage of the school system by providing such machinery as would tend to minimize the part that malice, political or partisan trends, or caprice might play. It established merit

as the essential basis for the right of permanent employment." (Citations and emphasis omitted.)

The action of the board here is just the type of action the statute was designed to prevent. The record indicates that the board believed that it did not have the statutory grounds to fire Mr. Vilelle so it sought to force him out of his job by freezing his salary. The act was designed to provide for termination or demotion only upon certain grounds and in accordance with certain procedures. *Glanville v. Hickory County Reorganized School Dist. No. 1, supra.* The board here sought to avoid these statutory requirements.

A teacher does not achieve permanent status until he has been rehired for the sixth successive year by a district. § 168.-104(4). The board in this case was aware of the alleged problems with Mr. Vilelle's teaching long before his sixth year. If the board did not believe him to be qualified, it was not obliged to offer him a contract in his sixth year.

The trial court's reliance on *Le Galley v. Bronson Community Schools,* 127 Mich. App. 482, 339 N.W.2d 223 (1983), is misplaced. There the school board, in the absence of sufficient cause to fire him but in an effort to be rid of Le Galley, a school principal, told him that he would be given no further salary increases if he refused to step down. He was denied raises for two years, although other school administrators were given raises each year. The Michigan teachers' tenure act defines "demote" to mean "to reduce compensation or to transfer to a position carrying a lower salary." The tenure commission found Le Galley to have been "constructively discharged or demoted." The Michigan Court of Appeals, noting that the principal's salary had not been reduced and that he had not been transferred, held that within the express statutory definition of "demote" Le Galley had not been demoted and that the commission had exceeded its authority in finding a "constructive demotion." The court also held that one may not disregard express, unambiguous language in a statute in def-

erence to what one invokes as the spirit of the teachers' tenure act. *Street v. Ferndale Board of Education*, 361 Mich. 82, 86–87, 104 N.W.2d 748 (1960).

*Le Galley* is distinguishable in that the Missouri Teacher Tenure Act, § 168.104(2), defines "demotion" as: "any reduction in salary or transfer to a position carrying a lower salary ... other than any change in salary applicable to all teachers or all teachers in a classification." The clause in § 168.104(2), beginning with "other than ..." distinguishes it from Michigan's law and gives the word "demotion" a broader meaning. It ties the definition of "demotion" to the maintenance of the relative salary position of one tenured teacher to that of all other such teachers in the same classification.

■ The definition of "demotion" in the Missouri act means that if the board reduces the pay of all teachers in one classification, no teacher is demoted by reason of the pay reduction. But it also means that if the board gives an upward "change in salary" which is not applicable to all teachers in one classification, those to whom the change does not apply are demoted by reason of the pay increase of their fellows. Thus, if in a group of ten teachers within one classification the board gives only teacher Jones a $1,000 raise, the remaining nine are thereby demoted because their relative positions to Jones are negatively changed. Conversely, if in that group the board gives nine teachers an upward "change in salary" of $1,000, then the tenth teacher suffers a demotion because his position relative to the nine negatively changes.

■ The mandate of the Missouri Teacher Tenure Act is that all within one classification be treated the same. The purpose of that mandate, as we have said, is to minimize the exercise of unfair, capricious, and corrupt favoritism in the promotion, demotion, and retention of professional teachers. *Lopez v. Vance, supra*, 509 S.W.2d at 202.

The wording of the statute indicates that tenured teachers in one classification need not be paid the same salary as teachers in a different classification. In this case, the defendant classified teachers according to years of experience and number of graduate hours, but only the plaintiff was not paid according to this classification scheme. The defendant argues that Mr. Vilelle was in a classification of which he was the only member, but defendant never set forth the common attributes or characteristics of that classification nor did defendant adduce evidence of any salary schedule containing such a separate classification. *See Chaffin v. The County of Christian*, 359 S.W.2d 730, 734 (Mo.1962) (en banc), for a definition of a class in a different context.

■ As we have already observed, a school board has wide discretion in its management of a school district, but it cannot act in an arbitrary, capricious, unreasonable or unlawful manner. *School District of Kansas City v. Clymer, supra* 554 S.W.2d at 486. The statute allows teachers in different classifications to be paid unequal amounts, but when the school board devises a classification scheme applicable to tenured teachers, it must be based on reasonable and lawful criteria. The only criterion we find here for the classification of Mr. Vilelle was that the board wanted to force him out of the district and it did not believe that it had the statutory grounds to dismiss him. Obviously, the board did not create such a separate salary schedule applicable to all teachers or all teachers in a "classification" as § 168.-104(2) and § 168.110(2) authorize and require. The defendant here simply ignored the requirements of the statute, particularly those provisions dealing with modification (§ 168.112) and termination of the indefinite contract of a tenured teacher (§§ 168.114–168.120).

■ Where no further factual adjudication is required, the appellate court has the power to render the judgment that should have been entered. Rule 84.14; *Marks v. Marks*, 625 S.W.2d 700, 702 (Mo.App.1981).

Accordingly, for the foregoing reasons, on both Count I and Count II we find the issues in favor of the plaintiff and against the defendant, more particularly finding that plaintiff is a permanent teacher within the meaning of the Teacher Tenure Act, that for each of the school years 1981–82, 1982–83, and 1983–84 defendant demoted plaintiff within the meaning of the Act, § 168.104(2), in that defendant, having duly adopted salary schedules for those years as required by § 168.110(2), failed to follow those schedules in compensating plaintiff, thereby damaging plaintiff for the school year 1981–82 in the amount of $658.90, for the school year 1982–83 in the amount of $1,257.90, and for the school year 1983–84 in the amount of $3,054.90.

Therefore, we order and adjudge that the defendant pay the plaintiff the sum of $658.90 for 1981–82, $1,257.90 for the year 1982–83, and $3,054.90 for the year 1983–84, plus interest at nine percent thereon from the date that each salary payment fell due under plaintiff's indefinite contract during each of those school years. § 408.-020; *Denton Construction Co. v. Missouri State Highway Comm'n,* 454 S.W.2d 44, 59–60 (Mo.1970); *Steppelman v. State Highway Comm'n of Missouri,* 650 S.W.2d 343 (Mo.App.1983).

We remand the case to the trial court with directions to enter the foregoing judgment and to tax all costs in this court and in the trial court against the defendant.

All concur.