**Marjorie D'AQUILA, Petitioner-Appellant,**

v.

**Daniel D'AQUILA, Respondent-Respondent.**

No. 14280.

Missouri Court of Appeals, Southern District, Division Two.

Aug. 27, 1986.

Karenanne Miller, Johnson & Miller, Springfield, for petitioner-appellant.

Robert S. Wiley, Crane, for respondent-respondent.

HOGAN, Presiding Judge.

This is a second appeal from the distribution of marital property in a dissolution of marriage case. Upon the first appeal, this court held that the respondent's vested and fully matured pension plan was marital property which should have been apportioned between the parties. *In re Marriage of D'Aquila,* 680 S.W.2d 446[2] (Mo. App.1984). On remand, the trial court found the respondent's pension benefits to be marital property and awarded those benefits to the respondent, Daniel D'Aquila. No further evidence was heard.

The parties were married in June 1956. They were thereafter divorced, but were remarried September 16, 1958. They became the parents of a daughter who was 25 years of age at the time of trial. From the time of their marriage until Mr. D'Aquila's retirement, in 1974, the parties lived in Downer's Grove, Illinois. The respondent was a peace officer and eventually became Chief of Police. When Mr. D'Aquila retired, he began receiving a monthly pension benefit in the amount of $1,038, inferably acquired while the parties were married.

When Mr. D'Aquila retired, he and the petitioner moved to Stone County near Kimberling City. Very shortly thereafter, relations between the petitioner and the respondent became strained. In one manner of speaking, the petitioner estranged her husband by her own indifference toward him and her conscious abandonment of her marital relations with the respondent. The obvious inference from the evidence presented is that the petitioner entered into a liason with another man. The trial court found that the improper conduct of the petitioner was the major factor in developing the irretrievable breakdown of

the marriage, and that it was obliged to take the petitioner's misconduct in consideration. The trial court also took in consideration that there is a disparity in the parties' ages and ability to work and earn. Mrs. D'Aquila was 54 years of age at trial time and was able to work and earn. Mr. D'Aquila was nearly 66 years of age and suffered from hypertension. It is apparent that his productive years are behind him.

Considering all the evidence, the trial court found the value of the marital property and the proper disposition thereof to be as follows:

| Property | Value Determined by Court | To Petitioner | To Respondent |
|---|---|---|---|
| Residence | $ 80,000.00 | | $80,000.00 |
| 2.15 Acres | 9,000.00 | | 9,000.00 |
| 33 Acres | 46,500.00 | $46,500.00 | |
| Pickup | 3,800.00 | | 3,800.00 |
| Dodge Auto | 2,500.00 | 2,500.00 | |
| Jewelry | 8,000.00 | 8,000.00 | |
| Insurance | 1,147.00 | 1,147.00 | |
| Payment of 5/3/83 made to petitioner on property settlement | 1,500.00 | 1,500.00 | |
| CD Cashed by respondent | 3,091.77 | | 3,091.77 |
| Farm and Home Savings | 11,735.00 | 11,735.00 | |
| Farm and Home IRA | 2,351.00 | | 2,351.00 |
| Bank of Kimberling City | 2,795.46 | | 2,795.46 |
| Bank of Kimberling City | 412.52 | | 412.52 |
| Household goods | 5,000.00 | 600.00 | 4,400.00 |
| Totals | $177,832.75 | $71,982.00 | $105,850.75 |

The court also found that any accumulated interest in the savings accounts included in the savings accounts be distributed 40 percent to the petitioner and 60 percent to the respondent.

■ As we have already observed, upon remand the trial court found Mr. D'Aquila's pension benefit to be marital property and awarded the whole benefit to the respondent. We agree with the trial court that § 452.330, RSMo Supp.1984, does not require a division of marital assets to be equal but only that it be fair and equitable. *Shelor v. Shelor*, 683 S.W.2d 647, 648[3–5] (Mo.App.1984). Nevertheless we have calculated the value of the vested pension benefit by several accepted methods, and conclude that it is too great for the distribution to remain fair and equitable if the benefit is assigned entirely to the respondent. We cannot condone the petitioner's behavior, but despite the amendments to Chapter 452 in the past few years, we adhere to the view that the phrase "conduct of the parties during the marriage" means that the court must consider the conduct of the parties throughout the whole marriage. Inordinate focus on a particular incident or series of incidents is inappropriate when the dissolution affects a marriage of long duration, and § 452.330 does not authorize judicial censure of either party by means of a wholly disproportionate distribution of marital property. *In re Marriage of Schulte*, 546 S.W.2d 41, 48 (Mo.App.1977).

■ We are hesitant to override a division of marital property, but we nevertheless believe some compensating distribution of marital assets must be made to the petitioner to offset the award of the entire pension benefit to the respondent. The pension benefit need not be divided; the compensating allowance may be made from other marital property. *Kuchta v. Kuchta*, 636 S.W.2d 663, 666 (Mo.banc 1982). Rule

84.14 authorizes the court to render the judgment that should have been entered when, as here, no further factual adjudication is necessary. *Vilelle v. Reorganized School Dist.* R–1, 689 S.W.2d 72, 77 (Mo. App.1985). In the peculiar circumstances of the case, we consider that a fair and equitable distribution could be accomplished by awarding the 2.15 acre tract to the petitioner, rather than the respondent. Accordingly, it is ordered, adjudged and decreed that the judgment of the trial court be modified by awarding to petitioner the 2.15 acre tract valued by the trial court at $9,000.00, and that the judgment, as so modified, be affirmed.

PREWITT, C.J., and CROW, J., concur.

MAUS, J., dissents.

MAUS, Judge, dissenting.

I dissent. It is not mandatory the pension be distributed between the parties. *Kuchta v. Kuchta*, 636 S.W.2d 663 (Mo. banc 1982). The statute mandates that the marital property be divided "in such proportions as the court deems just after considering all relevant factors including ...." § 452.330, RSMo Cum.Supp.1984.

The consideration and balancing of the relevant factors rests within the discretion of the trial court. *Colabianchi v. Colabianchi*, 646 S.W.2d 61 (Mo.banc 1983). This is particularly appropriate when that determination involves the evaluation of the testimony and conduct of a party who the trial court found "had no compunction whatsoever about lying under oath."

Its Memorandum Opinion demonstrates the trial court considered not only appellant's marital misconduct, but all relevant factors. I do not believe the able and experienced trial court abused its discretion in dividing the marital property as set forth in that opinion. Cf. *Dardick v. Dardick*, 670 S.W.2d 865 (Mo.banc 1984).

I would affirm the judgment of the trial court.