**John DALE, Petitioner–Appellant,**

v.

**Pete RAHN, Director, Missouri Highways and Transportation Commission, Respondent–Respondent.**

**No. SD 29717.**

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 24, 2010.

Rehearing Denied Sept. 15, 2010.

Christopher J. Swatosh, Ava, MO, for Appellant.

Michael L. Jackson, Sikeston, MO, for Respondent.

DON E. BURRELL, Judge.

This action arose out of a Missouri Department of Transportation ("MoDOT") project to expand highway 60 in Howell County from a two-lane to a four-lane highway. In connection with that project, the Missouri Highways and Transportation Commission ("the Commission") initiated an action to condemn 3.4 of approximately 10.8 acres of land ("the taken land") owned by John Dale ("Appellant"). In this appeal,[1] Appellant challenges the circuit court's judgment upholding the Commission's order affirming MoDOT's decision to deny Appellant relocation assistance as a "displaced person" under section 523.200(1).[2]

In three points relied on, Appellant asserts the Commission erred because: 1) the Commission's "cost-to-cure" rationale for finding that Appellant was not a "displaced person" improperly "expands the provisions of federal and state statutory law;" 2) Appellant "neither sold [the taken land] to his son nor vacated such property prior to condemnation[;]" and 3) "Appellant was operating a sawmill business on [the taken land] at the time of the condemnation proceeding[.]"

---

1. We affirmed Appellant's condemnation judgment in *State ex rel. Missouri Highway & Transp. Comm'n v. Dale*, 309 S.W.3d 380 (Mo. App. S.D.2010).

2. All references to chapter 523 are to RSMo, Cum.Supp.2009, unless otherwise indicated.

Because competent and substantial evidence supported the Commission's factual findings that Appellant did not move from the taken land either a business he was operating or any of his personal property and then properly concluded that Appellant was ineligible for relocation assistance because he did not meet Missouri's statutory definition of a "displaced person," we affirm the judgment of the circuit court.

### Factual and Procedural Background

Negotiations (including mediation) for the purchase of the taken land, on which Appellant had once operated a scrag mill, failed.[3] On or about May 12, 2006, a day or two after the unsuccessful mediation, Appellant deeded the taken land to his son, Justin Dale ("Son").[4] In addition to seeking monetary damages for the value of the taken land, Appellant presented MoDOT with a request for relocation assistance payments totaling $715,499.75.[5] That request was based on Appellant's estimate of what it might cost to move his scrag mill and Son's sawmill to another location. The Department denied Appellant's request for relocation assistance, stating:

> Due in part to competing requests for relocation benefits, MoDOT has been unable to make a determination as to who may be eligible for what benefit. Until sufficient information has been obtained from both you and your son we will be unable to make a determination.

A request for specific information has been made to your attorney.

Appellant appealed MoDOT's denial to the Commission. In a contested hearing before the Commission on January 24, 2008, Appellant (self-represented) submitted estimates for costs to improve a parcel of real estate he said he was thinking about obtaining, along with an estimate of what he thought it would cost to move both his and Son's businesses to that location.

Although Appellant testified that he had planned to reopen his scrag mill and merge its operations with Son's sawmill, Appellant admitted that he had not actually reopened his scrag mill or acquired any property for that purpose. Appellant denied that he was leaving the machinery he owned for Son's continued use but acknowledged that he permitted Son to use it without charge.

Son had continued to operate his sawmill until it closed in October 2006. After MoDOT took possession of the taken land, it paid Appellant for the only personal property located on it—approximately 7,800 bundles of wood slabs.

Following the hearing, the Commission affirmed MoDOT's denial of relocation assistance to Appellant in a written "Judgment and Order" that noted, "This order does not address any relocation assistance claim that [Son]'s business may or may not have."

3. The scrag mill apparently processed wood slabs and sawdust into a product sold to charcoal producers. Appellant had not operated his scrag mill since he closed it in 2003 to concentrate on his farm.

4. In 2000, while Appellant was still operating his scrag mill, Appellant provided money to Son to set up a band sawmill business ("sawmill") on a portion of Appellant's 10.8 acres of land. Son continued to expand his sawmill by adding additional equipment. Son owned four pieces of equipment himself, and Appellant also allowed Son to use other equipment owned by Appellant.

5. "The Relocation Assistance and Payment Program is available to eligible individuals, families, businesses, farm operations, and nonprofit organizations which are wholly or partially displaced by a Missouri Department of Transportation project." Relocation Assistance Manual ("Manual"), Section 236.8.1.2(a), as incorporated by 7 C.S.R. 10–4.020 (2007).

Appellant filed his petition seeking a review of the Commission's order by the circuit court on April 23, 2008. After conducting its review, the circuit court entered a judgment affirming the decision of the Commission. Appellant now timely appeals that judgment.

## Analysis

### Standard of Review

Although the appeal is from the judgment of the circuit court, we review the action of the administrative agency. *Albanna v. State Bd. of Registration for Healing Arts*, 293 S.W.3d 423, 428 (Mo. banc 2009). "Article V, Section 18 of the Missouri Constitution articulates the standard of judicial review of administrative actions. On appeal, this Court is charged with determining whether the agency actions 'are authorized by law, and in cases in which a hearing is required by law, whether the same are supported by competent and substantial evidence upon the whole record.'" *Id.* (quoting Mo. Const. art. V, section 18).

> If the [Commission]'s ruling "is supported by competent and substantial evidence upon the whole record ... the ruling will be affirmed, even though the evidence would also have supported a contrary determination." *[Lagud v. Kansas City Bd. of Police Comm'rs*, 136 S.W.3d 786,] 791 n. 5. [ (Mo. banc 2004) ]. "We may not substitute our judgment on the evidence for that of the agency, and we must defer to the agency's determinations on the weight of the evidence and the credibility of witnesses." *Roorda v. City of Arnold*, 142 S.W.3d 786, 789 (Mo.App. W.D.2004) (citation and quotation marks omitted). We review questions of law *de novo. Lombardi*, 103 S.W.3d at 790.

*Missouri Veterans' Comm'n v. Vanderhook*, 290 S.W.3d 115, 119–20 (Mo.App. W.D.2009).

"We will not reverse the decision of an administrative agency that reaches the right result even if it gave a wrong or insufficient reason for its ruling." *Ellis v. Missouri State Treasurer*, 302 S.W.3d 217, 220 (Mo.App. S.D.2010). We should affirm if we could reach the same result based on the same evidence and without weighing evidence or assessing witness credibility. *Cotton v. Flik Int'l Corp.*, 213 S.W.3d 189, 193 (Mo.App. E.D.2007).

Appellant's points relied on do not "state concisely the legal reasons for the appellant's claim of reversible error" as required by Rule 84.04(d)(2)(B).[6] They do not indicate whether Appellant is asserting that the Commission's order was unauthorized by law or was not supported by competent and substantial evidence upon the whole record. Because we glean from the argument section of Appellant's brief that he is challenging the Commission's order on both grounds, the deficiency does not materially impede appellate review and we will review Appellant's points (to the extent we believe we understand them) *ex gratia. See Chipperfield v. Missouri Air Conservation Comm'n*, 229 S.W.3d 226, 246 (Mo.App. S.D.2007). Although Appellant's first point challenges a legal conclusion and his third point challenges a factual finding, the matters are interrelated and we will address them together.

*Because Appellant did not move anything from the taken land he did not meet the statutory definition of a "displaced person" and was thereby ineligible for relocation assistance.*

The Relocation Assistance Program is governed by 7 C.S.R. 10–4.020 and was established pursuant to 42 U.S.C. Section

---

4601 [7] and section 523.210, RSMo 2000.[8] The Commission's practices and procedures in this regard are described in the "Relocation Assistance Program Manual" ("Manual") as incorporated by 7 C.S.R. 10–4.020. The Manual allows a "displaced person" to receive reimbursement for specific "moving costs" and "reestablishment expenses." (Manual, Sections 236.8.1.2 and 236.8.7, *et. seq.*) The term "displaced person" is statutorily defined as "any person that moves from the real property or moves his personal property from the real property permanently and voluntarily as a direct result of the acquisition, rehabilitation or demolition of or the written notice of intent to acquire such real property, in whole or in part, for a public purpose[.]" Section 523.200(1).[9]

7 C.S.R. 10–4.010(7) provides, "[t]here are only two (2) ultimate issues in a relocation assistance case—eligibility of the applicant for a relocation assistance payment and the amount of the payment." Section 523.215, RSMo 2000, provides that "[n]oth-ing herein shall be deemed to alter or add to just compensation in condemnation proceedings as now provided by law."

The Commission upheld MoDOT's denial of relocation assistance because: 1) Appellant had not been "displaced" because his condemnation judgment would include a "cost to cure;" 2) Appellant had conveyed his land to Son; and 3) Appellant had not moved an existing business. While we understand the Commission's "cost to cure" rationale for finding that Appellant had not been "displaced" (that a person who is paid to make the alterations necessary to allow him to stay cannot also be a displaced person eligible to recover expenses he incurs in moving away), its ultimate conclusion was that Appellant was not entitled to relocation assistance because he was not a "displaced person" under section 523.200(1).[10]

The ultimate decision of whether to stay and operate on the land that remains or move elsewhere when a partial taking oc-

---

7. All references to section 4601 of 42 U.S.C. are to (1987), unless otherwise indicated.

8. Relocation assistance for eligible persons in Missouri is required by federal provisions when federal money is involved in the public project. *See* 42 U.S.C. Section 4601, *et. seq;* Section 523.200(1)–(2); 7 C.S.R. 10–4.020. Missouri also "give[s] similar relocation assistance to displaced persons when the property involved is being acquired for the same public purpose through the same procedures, and is being purchased solely through expenditure of state or local funds." Section 523.205.1 RSMo 2000. Whether the project here involved federal funds is not apparent from the record.

9. The Manual similarly defines a "displaced person" as "any person who moves from legally occupied real property, or moves personal property from legally occupied real property, as a direct result of the acquisition of such real property in whole or in part by the department...." Manual, Section 236.8.1.3(c). Appellant's argument on appeal is that "[t]here is no provision under the federal or state definitions previously cited as to 'displaced persons' that allows a cost to cure analysis to find that removal from the condemned property is not required." But Appellant concedes that the federal definition of a "displaced person" under 42 U.S.C. Section 4601(6)(A)(ii)(I) is similar to the state definition "when combined with the definition of a 'person' as a business by [s]ection 523.205.3(4)[.]"

10. The Commission's "cost to cure" rationale attacked by Appellant as inconsistent with federal and state law is that a component of the damages to be awarded Appellant in his condemnation case would be a "cost to cure" the reduction in the size of his land which would allow Appellant to continue to operate his business on the portion that remained. Although the Commission found that the condemnation "prevent[ed] [the remaining land] from being used exactly as it had been before[,]" it also found that "[t]he taking ... in and of itself did not destroy the ability to operate a mill at [his] location." In addition, the Commission found that that Appellant had

curs is up to the business. *Steppelman v. State Highway Comm'n of Missouri,* 650 S.W.2d 343, 344 (Mo.App. W.D.1983); *Smith v. Missouri State Highway Comm'n,* 488 S.W.2d 230, 239 (Mo.App. K.C.D.1972) (construing the Federal Highway Relocation Assistance Act of 1968). If the business moves, it may qualify for relocation assistance. If it does not, it does not satisfy the basic purpose of the relocation program to help those who move as the result of a condemnation. *See Beaird–Poulan Div.of Emerson Elec. Co. v. Department of Highways,* 441 F.Supp. 866, 872 (W.D.La.1977) aff'd 616 F.2d 255 (5th Cir.1980) (The federal act "does not require that assistance be given to every person who loses a portion of his land to a federally assisted project. Reimbursement of expenses is due only when it can be shown that the owner moved as a result of the partial acquisition"). Although Appellant asserts that the "cost to cure" rationale relied on by the Commission was contrary to both state and federal law, he has failed to identify any such conflict.

Appellant's own testimony established that he had not moved his personal property and had not reestablished his scrag mill operation. Appellant ceased operating his scrag mill and permitted Son to take over the use of Appellant's equipment years before MoDOT expressed any interested in acquiring the taken land. Appellant's personal property (his equipment) remained on the real property when he transferred it to Son. Appellant did not move his bundles of wood slabs because MoDOT purchased them.

To the extent that Appellant was seeking an advance payment of moving expenses necessary to remove his personal property from the taken land and transport it to another location, he failed to "demonstrate[ ] the need for an advance relocation payment, in order to avoid or reduce a hardship ... subject to such safeguards as are appropriate to ensure that the objective of the payment is accomplished." Section 523.205.8.

Appellant's own testimony supported the Commission's finding that he did not move from the taken land either an existing business or any personal property. Based on these factual findings, which were supported by competent and substantial evidence, the Commission was authorized by law to deny Appellant's request for relocation assistance because Appellant did not meet the eligibility requirements set forth in section 523.205.7(1) and (2). Points I and III are denied.

The Commission's alternative ground for concluding that Appellant was rightly denied relocation assistance (because Appellant had deeded the taken land to Son) challenged in Appellant's second point is moot and will not be addressed.

The circuit court's judgment upholding the Commission's order is affirmed.

BARNEY, J., and BATES, P.J., Concur.

not been displaced from the taken land because he was paid for the bundles of wood he had left on it. The Commission concluded that "relocation assistance is not available when a cost to cure is part of the compensation paid to [Appellant] by the Commission and that the cure can be executed. In the present case, a cost to cure is included in [Appellant's] compensation and can be exe- cuted. As such, [Appellant] is not entitled to relocation assistance payments." Because the "cost to cure" analysis applies only to persons who have chosen to stay on their remaining land, it is not surprising that the term "cost to cure" does not appear in the federal rules and regulations governing the payment of benefits to persons who make the opposite decision and choose to relocate.