

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| **MICHAEL WELSH,** | ) | |
| | ) | |
| **Respondent,** | ) | **WD83337** |
| **v.** | ) | |
| | ) | |
| | ) | **OPINION FILED:** |
| | ) | **July 28, 2020** |
| **KANSAS CITY PUBLIC SCHOOLS,** | ) | |
| | ) | |
| **Appellant.** | ) | |

**Appeal from the Circuit Court of Jackson County, Missouri
The Honorable Justine E. Del Muro, Judge**

**Before Division Two:** Karen King Mitchell, Presiding Judge, and
Anthony Rex Gabbert and W. Douglas Thomson, Judges

The School District of Kansas City 33 d/b/a Kansas City Public Schools (KCPS) appeals from the grant of summary judgment in favor of its former employee, Michael Welsh, on his claim that KCPS violated Missouri's Teacher Tenure Act when it failed to renew his teaching contract for the 2018-2019 school year without providing him the protections afforded to permanent teachers under the Act. KCPS raises two points on appeal. First, it argues that the trial court erred in denying its motion to dismiss Welsh's petition for failure to state a claim. And, second, it argues that the trial court erred in granting summary judgment in favor of Welsh because he was not entitled to judgment as a matter of law. Because Welsh's petition failed to state a claim upon

which relief could be granted, we reverse the trial court's grant of summary judgment and remand with directions to dismiss Welsh's petition.

## Background[1]

Welsh began working for KCPS as a teacher on July 1, 2013. KCPS discontinued his employment as of June 30, 2014, but rehired him beginning September 8, 2014, and continuing until June 30, 2018.[2]

Before working for KCPS, Welsh was employed in a teaching capacity for ten consecutive years in the Kansas City – St. Joseph Catholic School System and six consecutive years in the Cristo Rey Network of Schools, neither of which is a public school district. As part of Welsh's employment, both the Kansas City – St. Joseph Catholic School System and Cristo Rey Network of Schools required him to have a valid Missouri teaching certificate, which he continuously held from 1997 through August 2019.

On March 28, 2018, KCPS notified Welsh by letter that his employment would not be renewed for the 2018-19 school year. KCPS gave Welsh no advance statement of reasons for his non-renewal, no opportunity for a hearing on the non-renewal, and no right to appeal the outcome of any hearing.

On February 26, 2019, Welsh filed a petition against KCPS in Jackson County Circuit Court, alleging that KCPS violated Missouri's Teacher Tenure Act and, correspondingly, Welsh's teaching contract, which incorporated the provisions of the Act into its terms. In his petition, Welsh alleged that,

> based on his five years of service as a teacher in the Kansas City Public Schools, his 10 years of consecutive service as a teacher in the Kansas City – St. Joseph

[1] The parties stipulated to the underlying facts.
[2] Beginning on September 8, 2014, KCPS hired Welsh as a full-time teacher for the remainder of the 2014-15 school year, and his salary for that school year was prorated to reflect that he worked as a full-time teacher for 161 of the 185 total school days in that school year.

2

Catholic School System, and his six years of teaching in the Cristo Rey Network of Schools, Mr. Welsh was a "permanent teacher" as defined in Mo. Rev. Stat. § 168.104.4 because he was entitled to one year of teaching credit for his prior experience.

He further alleged that, as a "permanent teacher," he was entitled to "written warning, prior to his non-renewal, identifying the actions that could result in his non-renewal for incompetency, inefficiency, or insubordination"; "written charges, prior to his non-renewal, that specified with particularity the alleged grounds for [his] non-renewal"; "notice and an opportunity for a hearing with the Board of Education on these written charges"; and "the right to appeal the Board of Education's decision after such a hearing." And he alleged that, by failing to provide the above, KCPS violated the Teacher Tenure Act, as well as his teaching contract.

KCPS moved to dismiss Welsh's petition for failure to state a claim upon which relief may be granted insofar as the facts alleged did not support Welsh's claim that he was a "permanent teacher" as defined by the Act. The trial court denied KCPS's motion, and Welsh filed a motion for summary judgment. The trial court granted Welsh's motion for summary judgment, and KCPS appeals.

**Analysis**

KCPS brings two points on appeal. First, it argues that the trial court erred in denying its motion to dismiss Welsh's petition for failure to state a claim upon which relief may be granted. Second, it argues that the trial court erred in granting summary judgment in favor of Welsh because he was not entitled to judgment as a matter of law.

Generally, the denial of a motion to dismiss is not a final judgment and, therefore, not reviewable. *In re Care & Treatment of Bradley*, 554 S.W.3d 440, 450 n.5 (Mo. App. W.D. 2018). But we may "review . . . the denial of a motion to dismiss, 'as part of the appeal from a final judgment[.]'" *U.S. Bank, N.A. v. Coverdell*, 483 S.W.3d 390, 401 (Mo. App. S.D. 2015) (quoting

3

*In re O.J.B.*, 436 S.W.3d 726, 729 (Mo. App. W.D. 2014)). Though in some circumstances, the review of the denial of a motion to dismiss is for abuse of discretion, "[t]he question of whether a petition states a claim for which relief can be granted is a question of law," *State ex rel. Cmty. Treatment, Inc. v. Mo. Comm'n on Human Rights*, 561 S.W.3d 107, 111 (Mo. App. W.D. 2018); and "[q]uestions of law are reviewed *de novo.*" *Schoen v. Mid-Missouri Mental Health Ctr.*, 597 S.W.3d 657, 659 (Mo. banc 2020).

Here, Welsh's petition alleged two counts: (1) violation of the Teacher Tenure Act; and (2) breach of contract premised upon the same alleged violation of the Act. Both claims were premised upon Welsh's allegation that he was a "permanent teacher" as defined in the Act. KCPS moved to dismiss the petition because, under the facts alleged, Welsh failed to meet the definition of a "permanent teacher" and, therefore, was not entitled to the protections that KCPS failed to provide and that are afforded by the Act to permanent teachers.

"A motion to dismiss for failure to state a claim on which relief can be granted is an attack on the plaintiff's pleadings." *McConnell v. W. Bend Mut. Ins. Co.*, WD 82865, 2020 WL 2529019, at *4 (Mo. App. W.D. May 19, 2020) (quoting *R.M.A. by Appleberry v. Blue Springs R-IV Sch. Dist.*, 568 S.W.3d 420, 424 (Mo. banc 2019)). "Such a motion is only a test of the sufficiency of the plaintiff's petition." *Id.* (quoting *R.M.A.*, 568 S.W.3d at 424). "When considering whether a petition fails to state a claim upon which relief can be granted, [we] must accept all properly pleaded facts as true, giving the pleadings their broadest intendment, and construe all allegations favorably to the pleader." *Id.* (quoting *R.M.A.*, 568 S.W.3d at 424). We do not "weigh the factual allegations to determine whether they are credible or persuasive." *Id.* (quoting *R.M.A.*, 568 S.W.3d at 424). "Instead, [we] review[ ] the petition to determine if the facts alleged meet the elements of a recognized cause of action. . . ." *Id.* (quoting *R.M.A.*, 568 S.W.3d at 424).

4

The Teacher Tenure Act is codified in sections 168.102 through 168.130 of the Missouri Revised Statutes. § 168.102.[3] "The Act identifies two different kinds of teachers to which it applies: permanent teachers and probationary teachers." *Stolov v. Jackson Cty. Sch. Dist. C-1 of Hickman Mills, Jackson Cty.*, 408 S.W.3d 218, 222 (Mo. App. W.D. 2013) (citing § 168.104(4)-(5)). A permanent teacher, in relevant part, is "any teacher who . . . is . . . employed as a teacher in the same school district for five successive years and who . . . thereafter continues to be employed as a teacher by the school district . . . ." § 168.104(4). A probationary teacher is "any teacher as herein defined who has been employed in the same school district for five successive years or less." § 168.104(5). But, "[i]n the case of any probationary teacher who has been employed in any other school system as a teacher for two or more years, the board of education shall waive one year of his probationary period." *Id.*

"The distinction between permanent and probationary teachers relevant to this appeal is that permanent teachers are afforded considerably more procedural protections than are probationary teachers before a school board is allowed to terminate their teaching contracts." *Stolov*, 408 S.W.3d at 222-23. "Specifically, before the indefinite contract of a permanent teacher [may] be terminated upon one of six statutorily specified grounds,[] a school board must serve the permanent teacher with 'written charges specifying with particularity the grounds alleged to exist for termination of such contract, notice of a hearing on [the] charges and a hearing by the board of education on [the] charges if requested by the teacher.'" *Id.* at 223 (quoting § 168.116.1). "For probationary teachers, on the other hand, 'a school board may refuse to renew the contract . . . for any reason or no reason, as long as the non-renewal is not based on some ground impermissible under the Constitution.'" *Id.* (quoting *Smith v. King City Sch. Dist. R-1 of Gentry Cty.*, 990 S.W.2d

[3] All statutory references are to the Revised Statutes of Missouri, as updated through the 2018 supplement.

5

643, 646 (Mo. App. W.D. 1998)). "And the only procedural protection afforded a probationary teacher is that the school board must notify him of its decision not to renew his contract no later than the fifteenth day of April, and, *only upon request*, must the board provide a concise statement of the reason or reasons for the termination."[4] *Id*. (citing § 168.126.2).

The nature of each of Welsh's claims is that he was a "permanent teacher" and, therefore, entitled to the additional protections. In support of this assertion, Welsh alleged the following facts in his petition:

- "Mr. Welsh was employed as a teacher with Defendant for five consecutive years, beginning in September of 2013 and ending at the conclusion of the 2017-2018 school year."

- "Before his employment with Defendant, Mr. Welsh was employed for ten consecutive years as a teacher in the Kansas City – St. Joseph Catholic School system and six consecutive years as a teacher in the Cristo Rey Network of Schools."

- "As part of his teaching duties, Mr. Welsh obtained a valid Missouri teacher's certificate, a license that he has continuously held from 1997 to the present, and that he held continuously during his employment with the Kansas City – St. Joseph Catholic School System and the Cristo Rey Network of Schools."

- "At the time of his non-renewal, based on his five years of service as a teacher in the Kansas City Public Schools, his 10 years of consecutive service as a teacher in the Kansas City – St. Joseph Catholic School System, and his six years of teaching in the Cristo Rey Network of Schools, Mr. Welsh was a 'permanent teacher' as

---

[4] Here, Welsh submitted a request for the reasons for his non-renewal on December 21, 2018, and KCPS responded by advising him that he was not renewed "due to performance."

6

defined in Mo. Rev. Stat. § 168.104.4 because he was entitled to one year of teaching credit for his prior experience."

KCPS argues that these facts do not satisfy the definition of a "permanent teacher," and, as a result, Welsh's petition failed to state a claim upon which relief may be granted.[5] We agree.

To begin, Welsh appears to acknowledge that his five years of service with KCPS, alone, are insufficient to meet the definition of a "permanent teacher" insofar as he invokes § 168.104(5) to allege that "he was entitled to one year of teaching credit for his prior experience." KCPS argues that Welsh's prior experience does not qualify for the one-year credit; that his five years of service were not successive and therefore did not qualify; and that, even if the five years were considered successive, because Welsh was not renewed following the five years, he failed to meet the definition of a "permanent teacher."

As mentioned above, a "permanent teacher" is "any teacher who has been employed . . . as a teacher in the same school district for five successive years *and* . . . who thereafter continues to be employed as a teacher by the school district." § 168.104(4) (emphasis added). Thus, to be a permanent teacher, Welsh needed to allege facts showing that he had been both employed at KCPS for five successive years and renewed for the following year. *Vilelle v. Reorganized Sch. Dist. No. R-1, Benton Cty.*, 689 S.W.2d 72, 76 (Mo. App. W.D. 1985) ("A teacher does not achieve permanent status until he has been rehired for the sixth successive year by a district."). Though Welsh's petition alleged that he had been employed as a teacher for KCPS for five consecutive

---

[5] Though Welsh directly alleged that he was a "permanent teacher," this allegation is a legal conclusion, so we do not accept it as true; rather, we accept as true the facts upon which Welsh relied to reach this legal conclusion. *See Dunn v. Precythe*, 557 S.W.3d 454, 457 (Mo. App. W.D. 2018) ("pleading a legal conclusion which is not supported by the facts alleged in the petition is subject to dismissal for failure to state a claim") (citing *Mackey v. Mackey*, 914 S.W.2d 48, 50 (Mo. App. W.D. 1996)).

7

years, he did not allege that he had been renewed; in fact, his non-renewal was the basis for his lawsuit.

But he did not need to be renewed if he was entitled to the one-year credit under § 168.104(5) afforded to a probationary teacher "who has been employed in any other school system as a teacher for two or more years." Welsh argues that his collective sixteen years of prior experience teaching at the Kansas City – St. Joseph Catholic School System and the Cristo Rey Network of Schools qualified him for the one-year credit. We disagree.

We addressed this very issue in *Stolov v. Jackson County School District C-1 of Hickman Mills, Jackson County*, 408 S.W.3d 218, 221 (Mo. App. W.D. 2013), where a probationary teacher sought the one-year credit based upon his nearly nine years of prior instructional experience at various educational institutions. The teacher argued that, in accordance with the statutory language, he "ha[d] been employed in . . . [an]other school system as a teacher for two or more years." *Id*. at 223. In examining the statutory language, we noted that, "to qualify for the waiver, one must have been employed (1) in a school system (2) as a teacher (3) for two or more years." *Id*. The flashpoint of the analysis turned on the meaning of "teacher" for purposes of the waiver provision and its interplay with the phrase, "any other school system." *Id*. After evaluating the statutory definition of "teacher" in § 168.104(7) and cases interpreting that statute, we held that, "to be considered a teacher under section 168.104(7), one must: (1) teach in a public school, (2) in grades kindergarten through twelve, and (3) have a valid teaching certificate." *Id*. at 224. We then held that,

> to fall within the waiver provision of section 168.104(5), a person's past teaching experiences "in any other school system" must have been (1) in public schools, containing grades kindergarten through twelve, or in a prekindergarten program in which no fees are charged to parents or guardians; (2) pursuant to the authority of a valid teaching certificate; and (3) of at least a two-year duration.

*Id*.

Just as Welsh argues here, the teacher in *Stolov* argued that "the statutory definition of teacher supplied in section 168.104(7) cannot be applied to the waiver provision without effectively nullifying the phrase, 'any other school system,' in section 168.104(5), given that the definition of 'teacher' requires, in part, that the individual be employed in a 'school district.'" *Id*. We rejected the teacher's argument, noting that "[t]he entirety of the waiver provision can be given meaning if we read the phrase, 'any other school system,' as merely eliminating the requirement that a 'teacher' be an employee of a 'school district,' but leaving in place all other qualifications required for a 'teacher.'" *Id*. at 225. We determined that the teacher's—and, here, Welsh's—interpretation "is both inconsistent with legislative intent and likely to lead to absurd results" insofar as it would "impose a waiver requirement on a school board any time a teacher has been employed at any institution in any instructional capacity," even if that institution was not a school. *Id*. at 226. Welsh's argument here is indistinguishable for the argument put forth by the teacher in *Stolov*. We have already rejected that argument, and we see no need to revisit it here.

Welsh's prior instructional experience at the Kansas City – St. Joseph Catholic School System and the Cristo Rey Network of Schools could qualify for the one-year credit allowed probationary teachers to reach permanent teacher status only if they are public schools. But Welsh did not allege that Kansas City – St. Joseph Catholic School System or the Cristo Rey Network of Schools are public schools, though that allegation was essential to bring Welsh within the statutory definition of "permanent teacher," as his five years' experience with KCPS, successive or not, would not, alone, satisfy the definition. And because the facts alleged, taken as true, do not satisfy the definition of "permanent teacher"—a status upon which each of his claims relies—Welsh failed

9

to state a claim upon which relief may be granted. Accordingly, the trial court erred in overruling KCPS's motion to dismiss and subsequently entering judgment in Welsh's favor.

Point I is granted, the trial court's judgment is reversed, and the case is remanded with directions to dismiss Welsh's petition.[6]

## Conclusion

The trial court erred in both overruling KCPS's motion to dismiss Welsh's petition for failure to state a claim and subsequently entering judgment in Welsh's favor. Its judgment is reversed and the case is remanded with directions to dismiss Welsh's petition.

Karen King Mitchell, Presiding Judge

Anthony Rex Gabbert and W. Douglas Thomson, Judges, concur.

---

[6] In light of our resolution of Point I, we need not reach Point II, as it is moot.

10